DANIEL KULP *et al.* V. MYRON KULP *et al.*

1. MORTGAGE—*Foreclosure—Action, Barred.* Where a promissory note secured by a mortgage is barred by the statute of limitations, an action to foreclose the mortgage cannot be maintained.

2. ———— *Limitation of Action.* A creditor who must take affirmative action to obtain a right or remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as will enable him to maintain the action; and where he fails to act or take the essential steps within a reasonable time the statutory limitation will run. (*Bauserman v. Charlott*, 46 Kas. 480.)

3. ———— *Action, Barred.* The maker of a note secured by a mortgage removed from the state after the maturity of the note, and was absent until his death. No administration was ever had upon his estate, nor were any steps taken to enforce the collection of the secured debt until about 10 years after his death, when an action to foreclose the mortgage was begun. *Held,* That the action was barred.

4. TAX SALES—*Redemption by Minors.* The statutory provision which affords minors the right to redeem lands from tax sale after they reach majority applies only to lands that are owned by minors or in which they had an interest at the time of the tax sale. (*Doudna v. Harlan,* 45 Kas. 484.)

*Error from Bourbon District Court.*

ACTION by *Daniel Kulp* and others against *Myron Kulp* and others to foreclose a mortgage. Defendants had judgment, on demurrer to the petition, and plaintiffs bring the case to this court. All the material facts are stated in the opinion.

*B. Hudson,* and *Cory & Hulbert,* for plaintiffs in error; *E. F. Ware,* of counsel:

1. A demurrer admits all the proper averments of the pleading attacked.

2. Absence of a debtor from the state stops the running of the statute of limitations. Civil Code, § 213; *Morrell v. Ingle,* 23 Kas. 32; *Nelson v. Herkel,* 30 id. 457; *Case v. Frazier,* 31 id. 689.

3. This is a proceeding *in rem.* We reach the land direct,

and not by administration. Our interest is not barred. *Crooker v. Pearson,* 41 Kas. 410; *Hanson v. Towle,* 19 id. 273; *Toby v. Allen,* 3 id. 399; *Spurlock v. Sproule,* 72 Mo. 503; *Allen v. Moer,* 16 Iowa, 307; Wilts. Mortg. Forecl., ¶ 63, p. 73.

4. We have a right to redeem here through the minor, David E. Kulp. "Any person may redeem who has any right in the land or any title to its possession which can be deemed an estate therein." *Dubois v. Hepburn,* 10 Pet. 1; *Neill v. Rozier,* 6 S. W. Rep. (Ark.) 167; *Dougal v. Montlezan,* 3 S. Rep. (La.) 273; Gen. Stat. of 1889, ¶ 7003.

5. The tax titles are junior, inferior and subordinate to the lien of plaintiffs' mortgage and are void upon their faces.

Plaintiffs loaned their money on security of this land. It has not been repaid. The defendant tax-title holders are not in a good position to plead *laches* as against plaintiffs' rights. They can lose nothing. They get their money back, with 20 to 24 per cent. interest. The plea of lack of diligence can be allowed only where that lack has permitted innocent parties to acquire equities and rights which are liable to be infringed. Plaintiffs have a right to redeem; and they tendered the necessary amount.

*E. M. Hulett,* for defendants in error Lotterer and Garrison:

The statutes of limitation were a bar in this case. This Kulp note was 17 months overdue when S. H. Kulp left the state and moved to Illinois. His removal from the state suspended the running of the statute, but such suspension is not indefinite. "A creditor cannot prevent the operation of the statute by delay in taking action incumbent upon him." 36 Kas. 628.

Upon the death of S. H. Kulp, in December, 1879, if a creditor wished to establish a claim against his estate in the state of Kansas, the law provides that, on a failure of those entitled to administer to act in the matter, a creditor may administer, and that failure to act in a reasonable length of time will start the statute to running again. 46 Kas. 480;

45 Iowa, 120. This action was commenced by filing the plaintiffs' petition, on March 13, 1889, giving from S. H. Kulp's death, in December, 1879, to March 13, 1889, in which the plaintiffs might reasonably have been allowed and required to secure an appointment of an administrator and brought suit. In over 10 years this claim lay dormant and became stale.

While this is not an action to charge the estate of S. H. Kulp generally with the note, it is an action to charge the land embraced in the mortgage given to secure a note of S. H. Kulp, and claiming the land to be still the property of his estate, or of his heirs, by descent. Is there any reason why the rule adopted by this court to protect the general estate of one deceased from stale and dormant claims and demands should not be applied to specific and special claims? The mortgage is secondary and ancillary to the note. When the note is extinguished or barred, so is the mortgage. 22 Kas. 648.

*Ed. C. Gates,* and *J. M. Humphrey,* for defendants in error Bishop and Bishop:

This case is not within those excepted in § 141 of the tax law, nor is any claim made that the taxes had been paid, or the land redeemed as provided by law. Said section is not modified or limited by § 21 of the code. *Beebe v. Doster,* 36 Kas. 678; *Edwards v. Sims,* 40 id. 235; *Doudna v. Harlan,* 45 id. 484; *Cartwright v. Korman,* 45 id. 515; *Campbell v. Stagg,* 37 id. 420; *Long v. Wolf,* 25 id. 522; *Jordan v. Kyle,* 27 id. 190; *Thornburgh v. Cole,* 27 id. 490; *C. K. & N. Rly. Co. v. Cook,* 43 id. 88.

A valid tax deed vests in the grantee the absolute title to the property in fee simple. Tax law, § 138; *Harris v. Curran,* 32 Kas. 580; *Board of Regents v. Linscott,* 30 id. 240.

Filing a tax deed for record is sufficient to start the statute of limitations to running. *Richards v. Tarr,* 42 Kas. 547.

Absence from state will not operate to suspend the limitation prescribed in § 141 of the tax law. *Beebe v. Doster,* 36

Kas. 666; *Edwards v. Sims,* 40 id. 235; *Cartwright v. Korman,* 45 id. 517.

A tax deed recorded more than five years, with party in possession, should be liberally construed for the purpose of upholding and enforcing it. *Rice v. Sanger,* 43 Kas. 580; *Neenan v. Black,* 50 id. 639. See, also, *Doudna v. Harlan,* 45 Kas. 491.

It was decided in *Railroad Co. v. Burlingame Township,* 36 Kas. 628, "that a person cannot prevent the operation of the statute of limitations by delay in taking action incumbent." It was also said in that case, that "to permit a long and indefinite postponement would tend to defeat the purpose of the statutes of limitation, which are statutes of repose, founded on sound policy, and which should be so construed as to advance the policy they were designed to promote." *Bauserman v. Charlott,* 46 Kas. 484, 485.

Plaintiff cannot defer running of statute by his own *laches.* 13 Am. &. Eng. Encyc. of Law, p. 726; *Palmer v. Palmer,* 36 Mich. 487, 494; *Hintrager v. Traut,* 69 Iowa, 746; *Baker v. Johnson Co.,* 33 id. 151; *Kirby v. Lake Shore &c. Rld. Co.,* 120 U. S. 130, 140.

Following these decisions, the claim of plaintiffs in error is barred by the statute. They have slept so long upon their rights that they cannot now recover.

*B. Hudson,* and *Cory & Hulbert,* for plaintiffs in error, in reply; *E. F. Ware,* of counsel:

Suppose that ·S. H. Kulp had not died: even the note would not then be barred. What principle, then, intervenes to take the case out of the general rule? Will it be claimed that the heir can stand in a stronger position than the ancestor? If it is, upon what principle of law or justice is the claim founded? The courts hold that only in those cases where the law of administration is invoked will the statutes of limitations there applicable be applied. *Lay v. Mechanics Bank,* 61 Mo. 72.

The distinction between claims for money and proceedings

*in rem*, upon which we rely, is well sustained by authorities. In Iowa, the law is identical with ours in declaring a mortgage only an incident to the note, and in holding generally, that when the note is barred the mortgage is also barred. Yet in *Allen v. Moer*, 16 Iowa, 307, the court said that the fact that a claim against an estate was barred did not bar the foreclosure of a mortgage given to secure it. See, also, 4 Iowa, 151; 22 id. 299, and cases cited; 12 Tex. 27; 1 id. 639; 42 Cal. 493; 52 id. 568; 47 Am. Dec. 697; 19 Vt. 463; 42 Am. Dec. 478; 17 Vt. 54; *Andrews v. Morse*, lately decided in this court. See, also, *Johnson v. Cain*, 15 Kas. 537.

There is a marked distinction between this case and *Bauserman v. Charlott*, 46 Kas. 480, upon which the defendants seem to rely.

The defendants are not in a position to plead *laches*, or to invoke any special equities in their favor. If they lose this case, they are ahead. If they win it, plaintiffs suffer a great wrong.

The opinion of the court was delivered by

JOHNSTON, J.: On March 13, 1889, the plaintiffs brought an action against the defendants in the district court of Bourbon county, to foreclose a mortgage executed by S. H. Kulp and wife upon 320 acres of land situate in Bourbon county. In the petition, it is alleged that the mortgage was given to secure a promissory note executed by S. H. Kulp in favor of Daniel Kulp and Samuel Stauffer, on April 1, 1872, by which he promised to pay, one year after date, the sum of $3,000, with interest at $6\frac{1}{2}$ per cent. It is alleged that no part of the principal and interest has been paid, and that there is due the sum of $6,305. It is further alleged, that S. H. Kulp, the maker of the note, removed from Kansas in September, 1874, and was personally absent from the state ever afterward, living in the state of Illinois until the year 1877, when he removed to Iowa, where he died in September, 1879, leaving as his only heirs his widow and seven children, among whom were two of the defendants, Myron

Kulp, a son 22 years of age when this action was begun, and David E. Kulp, who was then a minor under 21 years of age. All the children were under the age of 21 years at the decease of S. H. Kulp, and no administration was ever had upon his estate in Kansas. The widow, Rebecca Kulp, and the children other than Myron and David E., have by quitclaim deeds conveyed their interests and title in one of the quarter sections of the land to the defendant S. A. Lotterer, and in like manner they conveyed the other quarter section to the defendant Benjamin Garrison. There is a further averment that, in obtaining quitclaim deeds from the heirs, Garrison acted and is still acting and holding the same as the trustee of the defendant John Bishop. It is alleged that the mortgage was duly executed and recorded; that the plaintiffs were still the owners and holders of the note secured by the mortgage; that default had been made in its payment; and that, while defendants and each of them claim an interest or equity in the land, it was junior and subordinate to the mortgage sought to be foreclosed. As an additional allegation, it is alleged that Lotterer, Bishop and Garrison claim under tax deeds of dates September 9, 1880, October 7, 1881, and October 10, 1881, each of which was recorded about the time of execution, and that defendants Myron Kulp and David E. Kulp are entitled to redeem the lands from tax sales and have the tax deeds set aside, upon tendering to the holders of said tax deeds the sum or sums prescribed by law; and the plaintiffs claim the right to avail themselves of the equities of the minor defendant. In the petition, they state that they tender to the holders of the tax deeds the sums necessary to redeem. The prayer of the petition is, that the defendants be required to set up the interest they claim in the land, and that it be adjudged subordinate to that of the plaintiffs; that their claim of $6,305, with interest thereon, should be declared the superior lien upon the real estate, and for a decree directing its sale to satisfy the lien. They also ask for the cancellation of the tax deeds. Separate demurrers were filed by the defendants, alleging that

the facts stated in the petition were insufficient to constitute a cause of action against any of them. The court sustained the demurrers and gave judgment in favor of the defendants, and, although the grounds of decision are not set forth in the record, it was stated in the argument that the court held the action was barred by the statute of limitations.

Plaintiffs ask for a foreclosure of the mortgage, but no recovery was asked upon the note secured by the mortgage. The note upon its face appeared to be barred by the statute of limitations, and as the mortgage is only an incident of the note, if the latter is barred so also is the mort-
1. Mortgage—foreclosure—action, barred. gage, and the interests of the defendants were such as to justify them in interposing this defense. (*Schmucker v. Sibert*, 18 Kas. 104; *City of Fort Scott v. Schulenberg*, 22 id. 648.)

To avoid the bar of the statute, plaintiffs allege the removal of the maker of the note from Kansas, and his absence from the state until the time of his death, in 1879. The removal, absence and death of debtor do not amount to an indefinite suspension of the operation of the statute. A creditor who must take affirmative action to obtain a right or
2. Limitation of action. remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as would enable him to maintain an action and avert the ordinary penalty of delay.

The facts in this case bring it within a line of decisions which fully sustain the ruling of the district court. The note secured by the mortgage matured more than 20 years ago, and was 17 months overdue before the maker removed from the state of Kansas. No steps were taken to enforce its collection until about 16 years after a right of action thereon accrued, nor until about 10 years after the death of the maker. Of course his death suspended the operation of the statute until an administrator could be appointed, and none could be appointed at the instance of the plaintiffs until the time expired within which the widow or next of kin are given the preferred right to take out letters. After the lapse of 50 days plaintiffs

could have procured administration, and it was their duty to have taken steps to that end at that time or within a reasonable time thereafter. So it has been held, that where preliminary steps are essential to the bringing of an action upon a claim, and such steps may be taken by the claimant, he cannot prevent the operation of the statute by unnecessary delay in taking such action, and that if he fails to act within reasonable time the statutory limitation will run. (*A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kas. 628.) The same principle was announced in *Rork v. Comm'rs of Douglas Co.*, 46 Kas. 175. The subject was carefully reconsidered and the authorities reëxamined in the case of *Bauserman v. Charlott*, 46 Kas. 480, which was an action brought against the administrator of General Blunt upon a judgment theretofore obtained in Missouri during the lifetime of Blunt. No letters of administration were taken out until more than four years after the death of Blunt, and three years elapsed after such appointment before the creditor commenced his action. In that case it was said that—

"If the plaintiff below had availed himself of the means which the law provides for prosecuting his claim, he could have taken action as soon as 50 days had elapsed after the death of his alleged debtor. If a creditor would save his debt from the statute bar, he should take out administration himself. . . . The reasonable time within which a creditor, having a claim against a decedent, and wishing to establish the same against his estate, should make application for administration, would be under the statute 50 days after the decease of the intestate, or at least within a reasonable time after the expiration of 50 days. But a creditor cannot, as in this case, postpone the appointment for months and years, and then recover upon his claim."

The same subject was recently considered by the supreme court of the United States in the case of *Bauserman v. Charlott*, 13 Sup. Ct. Rep. 466. It was there held, that while the death of the debtor operated to suspend the statute of limitations, it was not an indefinite suspension, and the creditor could not extend the time of limitation by failing to apply

for the appointment of an administrator within a reasonable time after his application could be made. The running of the statute, it was held, was postponed during the 50 days when the creditor could not apply for appointment, or at least for a reasonable time after the expiration of the 50 days, but that the delay by the creditor in applying for the appointment of an administrator until more than 5 months and 20 days had passed is unreasonable, where there is no suggestion of ignorance of the death of the debtor or other excuse. The court reviewed and followed the decision of *Bauserman v. Charlott,* supra, stating that

"The decision was evidently deliberately considered and carefully stated, for the purpose of finally putting at rest a question on which some doubt existed. It is supported by satisfactory reasons, and is in accord with well-settled principles, and there is no previous adjudication of that court to the contrary."

We see no reason why the principle of these cases does not fairly control the decision in this. No exception can be made for the reason that this is simply an action of foreclosure and no personal judgment on the note is asked for. The mortgage cannot live longer than the note which it secures and of which it is an incident, and no action can be maintained upon the mortgage where the note is barred. (*Schmucker v. Sibert,* supra.) The long delay of the plaintiffs leaves no question as to the running of the statute or the completion of the bar. As we have seen, the statute had been running for some time before the debtor left Kansas, and nearly 10 years elapsed after his death before this action was begun. The five-year statute is the one which was applicable, and hence the case of *Andrews v. Morse,* ante, p. 30, to which we have been cited, has no application. These conclusions practically dispose of the case. The defendants have not only the quitclaim deeds from some of the heirs, as stated in the petition, but they also have the tax deeds. It is argued that the tax deeds are void. Such a statement is found in the prayer, but not in the body of the

petition; and even if it was material it could not be regarded as a statement of the cause of action.

The allegations in regard to redemption are unimportant. It does not appear that redemption has been attempted or could be effected. From the averments of the petition, the tax deeds were issued in the years 1880 and 1881, and, presumably, the deeds were based upon sales made in 1877 and 1878. At those times, S. H. Kulp was yet alive, and the minors, through whom plaintiffs would claim redemption, had no interest in the land sold. The statutory provision which affords minors the right to redeem after they reach majority applies only to lands that belong to minors, and in which they have an interest at the time they are sold for taxes, and not that in which they may subsequently acquire an interest. (*Doudna v. Harlan*, 45 Kas. 484.)

4. Tax sales— redemption by minors.

We think the demurrers were rightly sustained by the court, and its judgment will be affirmed.

All the Justices concurring.