G. W. MARKLEY v. ALICE KRAMER *et al.*

No. 13,083.    (72 Pac. 221.)

SYLLABUS BY THE COURT.

1. FOREIGN WILL—*Notice to Purchaser from Heir.* Where a foreign will has made disposition of real estate in this state in a manner different from what the law would have made, a purchaser from an heir of the foreign testator, in order to be protected as against one claiming under such will, must show that he procured his title from such heir in good faith and without knowledge of the existence of the will.

2. ———— *Other Notice than Record.* Knowledge of the existence of such will may be acquired by other means than the evidence of a properly certified copy thereof, or a duly entered order of admission to record or probate.

Error from Osage district court; WILLIAM THOMSON, judge. Opinion filed April 11, 1903. Affirmed.

*A. C. Markley,* for plaintiff in error.

*Pleasant & Pleasant,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :  One Andrew Kramer, a resident of Ohio, died in that state in 1894, seized of a tract of land in Osage county, Kansas.  He left a will which was duly admitted to probate by the probate court of the county of his residence and James Hudson was appointed executor.  In June, 1895, a copy of this will, with copies of the proofs thereof and order of the Ohio probate court admitting it to probate, with what purported to be a proper certification thereof, was filed with the probate judge of Osage county, and by him spread upon the records of his court.  This will made disposition of the land in question different from what the law would have made.  No order admitting it to probate in Osage county was made of record until after the commencement of this action, when a *nunc pro tunc* order as of the proper date in 1895 was entered.  This action was brought by Markley to partition the land in question, he claiming one-fourth thereof under and by virtue of a deed which purported to convey to him that part from one of the heirs at law.  All of the Kramer heirs and also Hudson, the executor under the will, were made parties defendant.  The court below denied partition, necessarily upon the theory that Markley took no title by his deed from the Kramer heir, inasmuch as the title had been disposed of by the will.

It is insisted by Markley that, admitting that Kramer left a will, he is protected from the operation of its provisions by certain sections of the act relative to conveyances, and more especially by reason of the provisions of section 7988 of the General Statutes of 1901.  No protection is afforded him by the act rela-

tive to conveyances. That act has reference to other and different matters than those involved in this case. Markley claims that he purchased the land in question in good faith without knowledge of the Kramer will; that, while the will was on file in the propate court of Osage county and entered upon its records, he was unable to find the same; and that, by reason of the fact that no order admitting it to probate had been entered and no sufficient certificate of the will with its foreign admission was attached, the simple filing and recording were not in law notice to him of its existence. It appears from the evidence that he paid $75 for the land and that it was actually worth more than $600. It further appears that Hudson, the executor, was in possession of the land by tenant at the time Markley took his conveyance. Section 7988, under which he claims protection, is as follows:

"The title of any purchaser in good faith, without knowledge of a will, to any land situated in this state, derived from the heirs of any person not a resident of this state at the time of his or her death, shall not be defeated by the production of the will of such decedent, unless such will shall be offered for record in the state within two years from the final probate and establishment of such will in the state or territory in which it may have been admitted to probate."

It will be observed that, in order to entitle the purchaser to protection under this statute, he must be a purchaser in good faith and be without knowledge of the will. He takes nothing by the conveyance from any heir as against the devisee under the ancestor's will, unless he brings himself within the protection of these two provisions. In this case the court found against Markley. This implies that the court found either that Markley did not purchase in good faith,

or that he had knowledge of the existence of the will, or both. So that the real question at bar is, Was there enough evidence before the trial court to sustain either of these conclusions? We think there was. That Markley purchased a piece of land worth by his own testimony over $600 for $75, taking a warranty deed therefor, is no slight evidence of bad faith. It further appears that while Markley inquired of the probate judge whether a will had been filed, and received a negative answer, he did not inquire of the person in possession of the land, who was holding the same for the executor of the will, as to the source of his right or title so to hold, although he knew that such person had rented from one representing the title and who was speaking for Hudson, the executor. It also appears that Markley's attorney carefully went through the book in which the will was recorded, and, while he testifies that the copy was not found, the court might not have given credence to that claim, when as a matter of fact such record occupied some six pages of the book. Certainly, good faith would have required that he make inquiry of the one in possession of this real estate ; and he would be chargeable with notice of all of the facts which such inquiry would have developed. We think sufficient evidence is found in the record to warrant the court in holding that Markley was not a purchaser in good faith, and that he had knowledge of the will.

Much space is given in the brief of plaintiff in error to the questions whether a will that is not properly certified may be admitted to probate, and whether a *nunc pro tunc* order admitting this will, made subsequently to the commencement of this action, was properly admitted by the court as evidence. We think both of these questions are materially aside from the

vital questions in the case. Whether or not the will had been admitted to probate, either in this state or in Ohio, was not material if Markley as a matter of fact had knowledge of the will. Knowledge was the vital question and not the admission of the will to probate.

The judgment of the lower court will be affirmed.

All the Justices concurring.