No. 18,243.

ELIZABETH BERKLEY, *Appellee*, v. ED. IDOL, *Appellant*.

SYLLABUS BY THE COURT.

QUIETING TITLE — *Vendee in Possession* — *Consideration Not Paid*. The title of a vendee under a contract for the purchase of land will not be quieted against the vendor where the consideration has not been paid, although the vendor has failed to enforce payment within the statutory period allowed for that purpose.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed December 6, 1913. Reversed.

*S. M. Brewster*, of Troy, *W. F. Means*, and *F. M. Pearl*, both of Hiawatha, for the appellant.

*J. J. Baker*, of Troy, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question upon this appeal is whether a person in possession of real estate under a contract to purchase it can maintain an action to quiet his title without paying the consideration where an action for the unpaid balance would be barred by the statute of limitations. This question must be answered in the negative upon the authority of the uniform decisions of this court. (*Bowman, et al., v. Cockrill*, 6 Kan. 311, 338; *Corlett v. Insurance Co.*, 60 Kan. 134, 55 Pac. 844; *Burditt v. Burditt*, 62 Kan. 576, 64 Pac. 77; *Johnson v. Wynne*, 64 Kan. 138, 141, 67 Pac. 549; *Gibson v. Johnson*, 73 Kan. 261, 84 Pac. 982.)

The plaintiff alleged the contract and payment in full of the consideration. The defendant admitted the contract, admitted that several payments had been made upon it, and alleged that a balance of the consideration was still unpaid, but did not ask for affirma-

tive relief. From the dates of the payments so admitted it appeared that the last one was made more than five years before the suit was begun. The court sustained a motion of the plaintiff for judgment in her favor quieting title upon the ground that an action for any part of the purchase money remaining unpaid was barred by the statute of limitations.

A vendee of lands who has not paid the consideration can not maintain an action for specific performance, or to quiet his title against the vendor, without paying the amount due. He who seeks equity must do equity. A recent statute (Laws 1911, ch. 232) allowing a mortgagor to maintain an action to quiet title where the mortgage debt is barred by limitations was construed in *Shepard v. Gibson,* 88 Kan. 305, 128 Pac. 371. It was suggested in the opinion that it was not in the legislative mind to extinguish a cause of action but merely to adjudicate a status, and that under that statute the mortgagor, without waiting for an action by the mortgagee, might take the affirmative to have the vitality of the mortgage determined. It was stated, however, that the judgment in such a case would go no further than would have been awarded in an action brought by the mortgagee. A statute designed to clear titles of old mortgages upon which the right to recover the debt had been barred, some of which have been paid and some abandoned, can not be stretched sufficiently to authorize a judgment quieting the title of a vendee under a contract to purchase, merely because the vendor has failed to enforce payment within the statutory period.

The limited application of the case of *Hogaboom v. Flower,* 67 Kan. 41, 72 Pac. 547, is pointed out in *Gibson v. Johnson,* 73 Kan. 261, 264, 84 Pac. 982, and in *Kirk v. Andrew,* 78 Kan. 612, 614, 97 Pac. 797. The decision in the Hogaboom case must be carefully con-

sidered in the light of the facts there presented, and will not be extended to the situation appearing here.

The judgment is reversed and the cause is remanded for further proceedings.