No. 22,832.

L. R. KING, *Appellee*, v. NELLIE RODGERS, *Appellant*.

SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Contract to Pay for Hospital and Surgical Expenses—Collateral Agreement as Security—Action Barred—Security Barred*. A brother and sister entered into a written contract with a doctor to pay him a certain amount in consideration of his paying for hospital and surgical expenses for the brother, the sister also agreeing therein that if her brother died before the payment was completed she would pay any balance out of the proceeds of insurance on his life of which she was the beneficiary. More than five years elapsed after the expenditure by the doctor without any payment being made to him and without any action being brought upon his claim. Thereafter the brother died, the sister collected the insurance money, and the doctor sued her upon her promise to pay him therefrom; it is held that this promise was collateral to the agreement of the brother and sister to pay the amount stated and was security therefor; and that the action upon it could not be maintained inasmuch as the original obligation had been barred by the statute of limitation.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed February 12, 1921. Reversed.

*I. M. Platt*, and *James P. Coleman*, both of Junction City, for the appellant.

*L. B. Morris*, and *U. S. Weary*, both of Junction City, for the appellee.

The opinion of the court was delivered by

MASON, J.: On August 20, 1912, Peter Gillespie and his sister, Nellie Rodgers, entered into a written contract with Dr. L. R. King, by which they agreed to pay him $350, Nellie Rodgers also agreeing that in case Peter Gillespie died without having paid it she would pay it from the proceeds of a certificate in a fraternal order of which she was the beneficiary. Peter Gillespie died June 21, 1919, without any payment having been made to Doctor King. On October 4, 1919, Doctor King brought this action against Nellie Rodgers seeking to recover from her upon such contract the sum therein named, with interest. A demurrer to the petition was overruled, and the defendant appeals.

The case turns upon the application of the statute of limitation, the defendant asserting that by its operation the claim of the plaintiff has been barred. The contract involved reads as follows:

"This agreement, made this 20th day of August, 1912, between Dr. L. R. King, of the first part, and Peter Gillespie and Nellie Rodgers, parties of the second part, all of Junction City, Kansas.

"WITNESSETH, That party of the first part agrees to take said Peter Gillespie to the Christ Hospital in Topeka, Kansas, where he will be operated upon if it is deemed necessary by the surgeons in charge of said hospital, and that the hospital expenses and expenses of the surgical operation will be defrayed by said party of the first part; that in consideration of the payment of said expenses on the part of said party of the first part, second parties agree to pay to said party of the first part the sum of $350.00, which, in case of death to Peter Gillespie before the payment of said $350.00, or any part thereof, to party of the first part, said Nellie Rodgers agrees to pay said sum or the balance due from the money which she shall receive from a policy from the sum of $2,000.00 in the Modern Woodmen of America, and in which she is stated as the beneficiary."

The petition alleges that the plaintiff paid the expenses referred to in the contract on September 1, 1912, and that the defendant has realized upon the beneficiary certificate described therein. This court is of the opinion that as soon as the plaintiff had paid the expenses referred to a right of action in his favor accrued against Peter Gillespie and Nellie Rodgers upon their promise to pay him $350; that such action was barred

in five years; that the additional promise of Nellie Rodgers to pay out of the proceeds of the beneficiary certificate any balance of the amount that might remain unpaid at the death of Peter Gillespie was collateral thereto—a guaranty of the carrying out of their common agreement—a designation of the proceeds of the certificate as security for that obligation; and that the original claim having been barred by the statute the collateral contract providing security, being a mere incident thereto, could not be enforced as an independent agreement. The obligation of Nellie Rodgers to pay Doctor King the amount owing to him did not originate or mature with the death of her brother or the receipt by her of the insurance money. Her liability arose upon the payment of the expenses by the doctor. The essence of her agreement with regard to the insurance money was that it should stand as security for the obligation which had previously accrued—not that upon receiving it she would pay a sum maturing at that time, but that she would then apply a portion of it to the preëxisting past-due debt. We regard the situation as entirely analogous to that presented where the statute of limitation has run against a note which is secured by a mortgage. There is a difference of judicial opinion as to .the operation of the statute in such circumstances. Some courts hold that the mortgage may be enforced notwithstanding the note has been barred. (17 R. C. L. 949; 25 Cyc. 1001.) The contrary rule, however, prevails in this state (*Kulp v. Kulp,* 51 Kan. 341, 32 Pac. 1118) as in many others (17 R. C. L. 950).

Perhaps an even closer analogy is afforded by those cases in which an action upon an official bond on account of the misconduct of the officer is held not to be maintainable after the two-year statute has protected him from a damage suit based simply upon his dereliction. (*Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518.)

The present case involves no question as to the rights of a creditor with respect to property pledged as security which is in his possession when his claim becomes barred by the statute of limitation.

The judgment is reversed, and the cause is remanded with directions to sustain the demurrer to the petition.