Jones v. Hammond.

---

No. 25,892.

JAMES A. JONES, *Appellee*, v. FANNIE C. HAMMOND, *Appellant*, MILTON SHEDD et al., *Defendants*.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Lien Barred by Statute of Limitations*. Where an instrument in the form of a deed is given to secure borrowed money, the borrower remains in possession, and the debt becomes barred by the statute of limitation, the lien is barred as well, and in virtue of the special statute (R. S. 60-1802) the borrower may maintain an action to quiet his title to the land.

2. SAME—*Limitation of Action*. Ordinarily an action brought by one in possession of land to quiet title by removing a cloud is not barred by lapse of time, and the general rule applies in the present case.

3. LIMITATION OF ACTIONS—*Mortgage—Payment of Taxes as Removal of Bar*. In the situation here presented the reimbursement by a land owner of taxes paid by a claimant under the grantee of a deed given by him as a mortgage, such payment of taxes having been made after the debt had been barred by the statute of limitation, does not revive the debt or the lien.

4. SAME. Other objections to the judgment appealed from held not to be well taken.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 9, 1925. Affirmed.

*W. D. Atkinson, E. L. Burton,* both of Parsons, *A. K. Hardy,* and *G. B. Hardy,* both of Galesburg, Ill., for the appellant.

*W. W. Brown, W. A. Disch,* and *Mark Gillin,* all of Parsons, for the appellee.

The opinion of the court was delivered by

MASON, J.: James A. Jones brought this action to quiet his title to a quarter section of land against Fannie C. Hammond, who will be spoken of as the defendant, although others were joined with her. The plaintiff recovered a judgment in accordance with his prayer, and the defendant appeals.

1. The plaintiff's version of the transaction is this: In 1871 he borrowed $300 of his uncle, James Hammond, and to secure its repayment conveyed or caused to be conveyed to him the land referred to, one-half by a deed signed by himself, the other by a deed directly to Hammond from one who held the title for the plaintiff's benefit. The debt has never been paid, but has long since been barred by the statute of limitation, on which account the decree quieting title was asked.

The defendant, who claims under a conveyance from James Hammond, made to her in trust for the plaintiff's children, urges that equity will not give relief to a debtor merely because the remedy for the enforcement of the debt has been lost by lapse of time. This contention is not maintainable, although it would doubtless be sound but for this statute, which was enacted in 1911, and to which the courts have given effect in a number of instances:

"When any mortgage on real estate has been in default for more than fifteen years, or the lien thereof has ceased to exist, or when action to enforce such mortgage is barred by the statute of limitations, the owner of the land may maintain an action to quiet his title and have the cloud removed." (R. S. 60-1802.)

2. The defendant also asserts that the delay in bringing the action has been such as to create a bar through laches. Inasmuch as the statute authorizing it is but 14 years old, the delay has not been extreme. Moreover, the action is in effect one to remove a cloud from the title to land of which the plaintiff is in possession. In such case laches is ordinarily not available as a defense, at least where no serious inequities result, such as injury to the intervening interests of third parties. In the situation here presented delay can hardly be regarded as fatal to the plaintiff's action on the theory of the loss of evidence through the death of witnesses, for the action is founded on the presumption of payment arising from the inaction

of the creditor. (See cases cited in *Harris v. Defenbaugh,* 82 Kan. 765, 769, 109 Pac. 681; also 5 R. C. L. 668.) The existence of the cloud is a continuing invasion of the plaintiff's rights, and relief to one in possession is not barred by the lapse of time. (*Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799; 5 R. C. L. 666, 667.)

3. It was shown that the defendant had paid $202.75 as taxes on the land in controversy, and the plaintiff had repaid her $140 of it. Judgment was rendered against the plaintiff for $122 on this account. The defendant suggests that the repayment in part of the taxes paid by her had the effect of a part payment on the sum borrowed and should be presumed to have been made within the period of limitation and therefore to have rendered the original debt enforceable. The obligation of the plaintiff to refund the taxes paid grew out of the relation of mortgagor and mortgagee, not out of any express agreement. It was a separate matter from the promise to pay the sum borrowed. The tax receipts were introduced in evidence and must have shown the dates of payment. Interest was allowed at 6 per cent and the amount of the judgment indicates that a period of some 16 years had run. Moreover the lapse of time since the $300 was borrowed was great enough to create a presumption of its actual payment. (*Courtney v. Staudenmayer,* 56 Kan. 392, 43 Pac. 758.) The plaintiff himself, however, testified he had made no payment to James Hammond.

4. With respect to other suggestions of the defendant we think it sufficient to say: Where a debt secured by a mortgage in form of a deed is barred by the statute of limitation the instrument is not thereby converted into an actual conveyance, but the lien itself is lost. The circumstance that the deed to a part of the land in controversy was made directly by the original owner to James Hammond, instead of the original owner conveying to the plaintiff and the plaintiff to Hammond, does not alter the rights of the parties. While it requires clear evidence to prove that an instrument in the form of a deed was in fact given to secure a debt, the trial court is the judge of whether that standard has been met. The rule that the continued possession of premises by a grantor is not adverse to the grantee is not material here because it has been found upon sufficient evidence that the instrument was in effect a mortgage and the statute of limitation in point is that which bars the debt.

The judgment is affirmed.