No. 33,315

H. H. Troxell, *Appellant*, v. The Cleveland Oil Company, Thomas C. Forbes and T. A. Howell, *Appellees.*

(66 P. 2d 545)

Opinion filed April 10, 1937.

*Homer V. Gooing,* of Eureka, for the appellant.

*Carl C. Chase, Thomas C. Forbes,* both of Eureka, and *J. B. McKay,* of El Dorado, for the appellees.

The opinion of the court was delivered by

Thiele, J.: Plaintiff brought an action to determine his rights in certain oil and gas leaseholds, and appeals from a judgment rendered against him on the pleadings and his opening statement.

The following facts are disclosed by the petition: Prior to December 23, 1930, the Waltom Oil Company, a corporation of which

defendant Forbes was secretary, was engaged in the oil and gas business in Greenwood county. In a prior action by the A. C. Houston Lumber Company against the Waltom Oil Company and others, to foreclose mechanic's and other liens against the leasehold interests now involved, judgments were entered against the Waltom Oil Company on December 23, 1930, viz.: Certain mechanic's-lien claims were allowed in an amount not definitely shown but of approximately $2,000. These judgments were made a first lien. The Citizens State Bank of El Dorado, Kan., recovered judgment on its mortgage of $5,500, the judgment being a second lien, and the plaintiff in the suit at bar recovered judgment for $8,046, which judgment was made a third lien. No appeal was taken, and these judgments became final. An order of sale was later issued, and on February 9, 1931, the mortgaged leasehold interests were sold as hereafter stated. On the morning of the day the sale was to be held, plaintiff Troxell and defendant Forbes had some conversations about the sale, as the result of which Troxell, by letter, made the following proposition, which was accepted by Forbes:

*"Mr. Thomas C. Forbes, Eureka, Kan.:*                              "FEBRUARY 9, 1931.

DEAR MR. FORBES: Pursuant to oral conversation had relative to sale to be held at two o'clock today of certain leases, . . . under a foreclosure of mechanic's liens and mortgages, in the suit of A. C. Houston Lumber Company against the Waltom Oil Company and others, this is to advise that should I purchase said leases at said sale, that such purchase shall be for your use and benefit and that I will assign a one-half interest in said leases to such person or corporation as you may direct and will retain title to the remaining one-half interest in said leases for your use and benefit and will make assignment to you of such interest whenever you desire me to do so. I will join in the execution of a mortgage on said leases for the amount due the Citizens State Bank of El Dorado, Kan. In consideration of the above and foregoing, I am to have a mortgage lien on the one-half interest in said leases retained in my name for you, as security for all sums due me from The Waltom Oil Co. It is distinctly understood that the purchase in my name of said property shall not in any manner personally obligate me and that all expenses for the future operation and development of said leases will be paid by you and by such person or corporation to whom I may assign an interest therein at your direction.       Very truly yours,
HHT:GC                              (Signed)   H. H. TROXELL."

At the sale Troxell bid in the property. Forbes seems to have furnished the money to pay off the judgments constituting the first lien, the costs and the taxes, and they are not involved here. In accordance with the terms of the agreement, Troxell conveyed an

undivided one-half interest in the property to the Federal Oil Company, and it is not involved here. On February 16, 1931, a new mortgage on the remaining one-half interest was given the bank, and its judgment was satisfied. This mortgage was subsequently paid by Forbes or his successors in interest, as assignees under the above agreement, either by moneys arising from operations or from separate advancement. On January 8, 1933, Troxell, at the request of Forbes, made an assignment of the oil runs covering the undivided half not conveyed to the Federal Oil Company to defendant Howell, who had previously acquired the Federal Oil Company interest and conveyed it to the Cleveland Oil Company, of which Forbes was president. It was alleged that since February 16, 1931, the Federal Oil Company, The Cleveland Oil Company, Howell and Forbes had been operating the oil properties and leaseholds and producing and marketing oil therefrom, and that they had refused to account to plaintiff. Referring to his judgment against the Waltom Oil Company, plaintiff alleged no appeal had been taken and it became, and has ever since been, a valid and subsisting judgment, and also, after alleging that no portion of the consideration from the sheriff's sale had been applied thereto:

"The judgment of this plaintiff was not paid, has not been paid, and has not been released of record and is now a valid and subsisting judgment and at all times since its rendition has been a valid and subsisting judgment."

The answer admitted many of the allegations of the petition, and in other respects pleaded facts explanatory of those alleged in the petition. The answer denied that the judgment of plaintiff against the Waltom Oil Company was a valid and subsisting judgment, and alleged that the charter of the Waltom Oil Company was forfeited on December 30, 1931; that the corporation ceased to exist; that the judgment became dormant and cannot be revived. It was also alleged that plaintiff's cause of action, if any he ever had, was barred by the statute of limitations (G. S. 1935, 60-306, second, third). It is unnecessary to refer to other allegations of the answer or to plaintiff's reply. The Cleveland Oil Company demurred generally, and at the trial its demurrer was overruled and an agreement was made it would answer if its interest were drawn into controversy in later proceedings.

At the trial plaintiff was represented by other counsel than appear here. In the opening statement by counsel for plaintiff, and in some colloquy between him and counsel for the defendants, it de-

veloped there was no dispute between the parties as to any matters leading up to the making of the agreement evidenced by the above letter, and that the principal contention was Troxell's right to an accounting and the application of moneys to the debt due him. Plaintiff's counsel then admitted the charter of the Waltom Oil Company had been forfeited; that Troxell's judgment against it was dormant, that it had never been revived, and that no recovery could be had upon it. The court thereupon sustained defendants' motion and found that plaintiff should take nothing, the prayer of his petition being denied in all respects. The court quieted title to the involved leasehold interests in defendant Forbes, his nominees and successors in interest. This appeal followed.

Whether Troxell has any present enforceable interest in the involved leaseholds depends upon the construction to be given the agreement represented by the above letter. It may be observed that it provides that Troxell will "assign" a one-half interest to such person as Forbes directs and will retain title to the remaining one half and make assignment when requested. As to the first one half to be assigned, the agreement provides no conditions or restrictions, and under the allegations of the petition it is clear that the assignment of it to the Federal Oil Company, by that company to Howell, and by Howell to the Cleveland Oil Company, leaves that undivided half in the last-named company free from any claims of plaintiff. As to the other one half, Troxell claims that he holds legal and equitable title to this half; that Forbes has never demanded an assignment, and that until such assignment is demanded and made, the provision that he is to have a mortgage lien "as security for all sums due me from the Waltom Oil Co." is in abeyance; that when the assignment is made a mortgage is to be substituted for the legal title. The appellee contends that under the agreement as made Troxell had legal title as security for the sums due him from the Waltom Oil Company; that under the pleadings the only sums alleged to be due were those merged in and represented by his judgment against the Waltom Oil Company, and that when that company's charter was forfeited the judgment became dormant, and on Troxell's failure to have the judgment revived it became unenforceable, and being unenforceable, no action could be maintained on the mortgage security, and that Troxell having admitted there could be no recovery on the judgment, his right to relief was barred. So far as the record discloses, the trial court gave no reasons for its con-

clusions, but its judgment indicates it agreed with appellee's contentions.

An examination of the petition shows that plaintiff sought to recover the sums represented by his judgment and no other moneys, and that his theory was that until he made an assignment at the request of Forbes he held both the legal and equitable title, and that thereafter he was to convey the legal title and take back some form of mortgage lien. The agreement is not susceptible of that interpretation. The consideration for the lien was not to arise in the future. It was created by the agreement. The situation was similar to that where a deed is taken as a mortgage. The fact the conveyance was not made by Forbes to Troxell, as a result of his bid under the agreement, does not alter Forbes' right as a mortgagor. (*Jones v. Hammond,* 118 Kan. 479, 235 Pac. 857.) Although there may be contrary holdings in other jurisdictions, in this state the rule is that where action on the debt is barred no action can be maintained on the mortgage. (*Kulp v. Kulp,* 51 Kan. 341, 32 Pac. 1118; *King v. Rodgers,* 108 Kan. 311, 195 Pac. 598; *Jones v. Hammond,* supra.)

Appellant argues that even if Troxell has only an unenforceable lien, the trial court could not grant appellees affirmative relief and quiet their title, citing cases holding that the statute of limitations may not be used as a basis for affirmative relief. In connection with this contention, he argues that the leaseholds are personal property, citing *Burden v. Gypsy Oil Co.,* 141 Kan. 147, 150, 40 P. 2d 463, and that the exception to the above rule created by G. S. 1935, 60-1802, permitting quieting of title against a real-estate mortgage barred by the statute of limitations, has no application here, and hence the trial court erred. We cannot agree with this contention, and believe the matter is controlled by statute. In 1923 our statutes with reference to oil and gas were revised in part, and to provide definite means of foreclosing liens. In what now appears as G. S. 1935, 55-210, after providing for enforcement of labor and mechanic's liens against owners of leaseholds, it is stated:

"All other liens and mortgages on leaseholds for oil and gas purposes shall be enforced and foreclosed in the same manner as may be provided by law for enforcing liens and mortgages against real estate."

We believe the intention of the legislature was to place liens on oil and gas leaseholds in the same status as liens on real estate generally, save as to rights of redemption as provided in the last above

statute. So considered, it would appear that affirmative action may be taken to remove the cloud on the title occasioned by a lien barred by the statute of limitations. (See G. S. 1935, 60-1802, *Jones v. Hammond,* supra.) Appellant devotes some space in his brief to the question whether the agreement evidenced by the above letter created a trust, but in opening his argument, states that in the trial court there was no mention of any possible trust relation. The matter not having been presented to the trial court is not available here.

We· are of opinion the trial court did not err in rendering judgment in favor of defendants, and its judgment is affirmed.