No. 36,102

Tony Ostmeyer, *Appellee,* v. Kate Saathoff et al., *Appellants.*

(148 P. 2d 496)

Opinion filed May 6, 1944.

*Jesse I. Linder,* of Gove, was on the briefs for the appellants.

*J. H. Jenson,* of Oakley, was on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action to quiet title to real property. Judgment was for plaintiff, and defendants have appealed.

In the petition, filed May 13, 1943, plaintiff alleged that he was the owner in fee simple and in the actual possession of a described quarter section of land in Gove county; that defendants claim some right, title or interest in or lien upon the property, which in fact exist only as clouds upon plaintiff's title; that the defendant, Kate Saathoff, is the holder of a mortgage upon the property, duly filed of record, to secure a note for $300 dated February 29, 1936, and due in one year, upon which nothing had been paid, and that the same "is now void and of no effect by reason of the five-year statute of limitations." It is further alleged that the defendant Kate Saathoff is the holder of a mineral deed for the property which has not been listed for taxation, and that the same was not recorded within ninety days after its execution, and that the same is void and of no effect by reason of G. S. 1935, 79-420. The prayer was that defendants

set up any estate or lien which they had or claimed to have upon the property, that the same be adjudged void, and plaintiff's title quieted. Defendants answered and alleged that plaintiff had given to defendant Kate Saathoff a note for $300 and a mortgage upon the real property described in the petition to secure its payment as a part of of the purchase price of the property, and admitted that no part of the principal or interest accrued upon the promissory note had been paid by plaintiff to defendants, or either of them, and also admitted the allegations of the petition with reference to the certain mineral deed.

With respect to the mortgage, plaintiff predicates his right to quiet title upon our statute (G. S. 1935, 60-1802; Laws 1911, ch. 232, § 1), which reads:

"When any mortgage on real estate has been in default for more than fifteen years, or the lien thereof has ceased to exist, or *when action to enforce such mortgage is barred by the statute of limitations,* the owner of the land may maintain an action to quiet his title and have the cloud removed." (Italics ours.)

This statute first came before the court in *Shepard v. Gibson,* 88 Kan. 305, 128 Pac. 371, in which it was held to be valid, and in the opinion it was said:

"To avoid the 'sword and shield' rule declared by the court, and overcome the disability of the landowner to ask for affirmative relief, the act in question was passed. Under its provisions the owner of the land need not wait the institution of an action by the holder of the mortgage in order to have the vitality of the mortgage adjudicated, but may take the affirmative of the question and obtain from the court a determination whether a right of action exists on the mortgage or has been lost by lapse of time." (p. 308.)

This case was followed in *Zuege v. Mortgage Co.,* 92 Kan. 272, 140 Pac. 855, where the statute was again approved and the reasons for it were stated. See, also, to the same effect, *Jones v. Hammond,* 118 Kan. 479, 235 Pac. 857, and *Troxell v. Cleveland Oil Co.,* 145 Kan. 658, 66 P. 2d 545.

In *Berkley v. Idol,* 91 Kan. 16, 136 Pac. 923, the court declined to apply the statute in an action brought by a vendee under a contract for the purchase of real property, and also declined to apply it in *Sallee v. King,* 128 Kan. 270, 277 Pac. 49, where an action to quiet title was brought against a mortgagee in possession. By these decisions the court limited the statute to the type of instrument named in the statute, namely, a mortgage where an action to foreclose the same is barred by the statute of limitations.

Appellants contend that since the mortgage in this case was given for a part of the purchase price the statute should not be applied. No such exception is made in the statute, and we do not feel justified in making it. Since appellant could not foreclose her mortgage it would serve no good purpose to reverse this case. Appellant does not complain of the judgment insofar as it quiets title against the mineral deed.

We find no error in the record. The judgment of the court below is affirmed.