JOHN H. ATWOOD v. THE STATE OF KANSAS.

No. 11036.

GEORGE J. CHAPLIN v. THE STATE OF KANSAS.

No. 11037.

1. CONTEMPT—*immediate ouster by one not bound by proceedings as party or privy, or party put into possession under writ of assistance, is not.* When a writ of possession is issued to carry into effect a judgment for plaintiff in an action to recover real estate, commanding the officer to put and maintain the plaintiff in the premises, a stranger to the action in which the judgment was rendered and not in privity with the defendant, who ousts the plaintiff immediately after possession has been restored to him, is not guilty of a contempt of the orders or process of the court.

2. —— *process of, cannot be issued by one court against attorney or agent of receiver appointed by another.* The agents and attorneys of a receiver, who is, in pursuance of the appointment and orders of a court, in the possession and operation

of a railroad, and which agents and attorneys are acting in the name and by the authority of the receiver, are not subject to attachment and fine for contempt for the violation in his behalf of the orders or process of another court. The remedy must be applied for to the court appointing and controlling him.

Appeals from Leavenworth District Court. Louis A. Myers, Judge. Opinion filed November 5, 1898. *Reversed.*

*A. A. Hurd, W. Littlefield, O. J. Wood,* and *Baker, Hook & Atwood,* for appellants.

*L. C. Boyle,* Attorney General, and *J. H. Wendorff,* County Attorney, for the State; *William A. Porter,* of counsel.

DOSTER, C. J. These cases are identical in all respects, and may be considered and disposed of together. They are appeals from sentences of the district court imposing punishments for contempts of its order and process. The operation of the Leavenworth, Topeka and Southwestern Railroad was abandoned in 1894 by the corporation owning it. J. C. Stone claimed that by the terms of a right of way deed executed to the railroad company, its cessation of the operation of the line worked a forfeiture of the easement over his land, and a restoration to him of the right of way. He instituted an action to declare the forfeiture, to restore his possession, and quiet his title. To this action the railroad company and the American Loan and Trust Company, a mortgagee of the railroad, were made defendants. Service was made upon both of them by publication. The trust company made no appearance in the case. The railroad company, failing to secure its dismissal from the action upon a claim of invalidity in the service upon it, filed an answer to the plaintiff's petition. Soon after the institution of this action one C. T. McLellan was appointed receiver

of the property and franchises of the railroad com-
pany, at the suit of the American Loan and Trust
Company for the foreclosure of its mortgage. He
immediately took possession and from thence on con-
ducted the operation of the road. After taking pos-
session he applied to the district court for leave to
appear and file an answer in the suit of Stone v. the
Railroad and Trust Companies. His application was
denied. About two and a half years after the begin-
ning of the action by Stone, judgment, as prayed for,
was rendered against both the Railroad and Trust
Companies. An execution was issued upon this judg-
ment commanding the sheriff to "forthwith cause
restoration to be had of the above described property,
and to put and maintain the plaintiff in the quiet and
peaceable possession thereof."

The sheriff went to the portion of the right of way
in question and put Stone in possession, specially ap-
pointing an officer to assist him in maintaining it.
They placed obstructions upon the portion of the rail-
way track claimed by them. The appellant, Chaplin,
was a minor official in the employ and acting under
the instructions of McLellan, the receiver. The ap-
pellant, Atwood, was an attorney of the receiver. He
advised Chaplin to disregard the claimed rights of
Stone and the process under which possession of the
disputed right of way had been taken. Together the
appellants visited the place in question and caused
the removal of the obstructions placed upon the track,
whereupon trains began and continued to run over it
as before. Atwood and Chaplin were thereupon at-
tached and fined for contempt of the judgment and
process of the court, and, as before stated, they have
appealed from the sentences of conviction.

These sentences cannot stand, for two sufficient
reasons. *First*, the receiver was not a party to the

action and was not bound by the judgment rendered in the case, and the process issued in behalf of the plaintiff Stone was not issued against the receiver. *Second*, the rule of comity between courts, which is likewise a rule of law, forbids interference, even by the officers of other courts, with property in the possession of a receiver, except by leave of the court appointing and controlling him.

It will be, of course, conceded that the attorney and agent of the receiver were bound by nothing which did not equally bind their principal. If the receiver was not bound to take notice of the writ under which the plaintiff Stone had been restored to the possession of the land, and would not be bound by it because not a party to the case in which it was issued, the appellants would not be bound by it, or required to take notice of it.

1. Ouster by stranger to proceedings, not contempt.

Were they bound by it or required to take notice of it? It must be observed that the appellants were not the agent and attorney of the American Loan and Trust Company. They were the agent and attorney of the receiver, and the receiver was not the agent of the Trust Company and therefore bound by the judgment against it, but he was the agent of the court appointing him. It must also be observed that the appellants did not interfere with the officer in the execution of the writ. The writ had been executed, the possession restored and the officer had gone away. The sheriff, therefore, was not obstructed in the execution of his process. It may be, for the fullest purposes of the appellee's or respondent's contentions, admitted that the entry of the receiver upon the premises was unlawful as against Stone. The process, however, under which Stone had been given possession was not process against the whole world. It was against the defendants in the case, and against them alone. The

unlawful entry of the appellants, if it were such, was a trespass for which an action for damages would lie. The ouster effected by them might give cause for an action against the receiver, if prosecuted in the proper court, but it constituted no obstruction of the process or violation of the orders of the court, because neither they nor the receiver were parties to the action. The writ in question was possessory in its nature. It was such as is properly issued to carry into effect a judgment in ejectment. The action in reality was an action in ejectment. As to such actions—

"The doctrine seems to be generally established that persons who were not made parties to the ejectment, and who were in possession before it was instituted, or who claim under titles distinct and independent from or paramount to the title litigated in the ejectment, cannot be evicted under the writ." Sedgwick & Wait on Trial of Land Titles, § 562 ; *Wilson v. The State*, 115 Ala. 129.

Of course, if one not a party to an ejectment action could not be evicted under the writ of possession, because not a party to the suit in which the process was issued, he could not be a violator of the writ or in contempt of the court issuing it if after the service he interfered with the plaintiff's possession.

But it may be suggested that the command of the writ was not alone to put the plaintiff in possession, but also to maintain him in the possession, and that a deputy under the sheriff was endeavoring to enforce the command of that portion of the writ. We pass by a question raised by appellants whether the writ in this respect conformed to the judgment of the court, and also pass by a question raised by them whether the deputization of the person put by the sheriff in charge o fthe premises was in sufficient legal form to confer upon him any authority. In the view we have taken of the case the determination of these questions

is unnecessary. The court had no power to order the sheriff to "maintain" the plaintiff in possession. Courts cannot in such cases by the mere issuance of process "maintain" successful litigants in the rights accorded to them. They cannot in such cases order the stationing of their sheriffs and bailiffs as guards over premises, to prevent the commission of trespass thereon. Besides, if the command to the sheriff to "maintain" the plaintiff in possession could have been legally made, it could only have been made as against the defendants in the case, and not against strangers to it. The untenability of a contrary position becomes manifest when we consider that the effective execution of a writ ordering a sheriff to "maintain" a successful plaintiff in an ejectment suit in the possession of the premises, might require maintenance, not for a day, or a week, or a month, it might require maintenance during the life of the first writ, and if possession was thereafter menaced might require the issuance of an *alias*, and after that a *pluries* writ; and if these writs in such a case as this are effective against strangers, any passenger who, with knowledge of the issuance and continuance of the writ of maintenance, rode over the plaintiff's land in one of the receiver's trains, would be equally guilty with the receiver and the receiver's agents of a violation of the writ.

A second and equally conclusive objection to the sentences of conviction is that the act of the appellants was in law the act of the receiver, and the act of the receiver was in law the act of the court appointing him. The doctrine of comity between courts will not permit the subjection of a re-

2. Process of contempt cannot be issued, when.

ceiver, or his agents or subordinates acting on his behalf and in his name, to attachment and conviction for contempt of another

court. If a receiver, in the execution of his trust, runs counter to the jurisdiction or claim of authority of another court, the forum to which appeal must be made for the correction of his conduct or the punishment of his offense is the court appointing and controlling him. This for the reason that a receiver is an arm of the court, exercising not his own authority, but the authority and power of the court. These principles have been so often decided that they have become settled in the law of receiverships. They were declared and enforced by this court in the recent case of *The State v. Miller* ( 54 Kan. 244, 38 Pac. 269), in which facts but slightly if at all different from those herein reviewed were under consideration.

The sentences of conviction of the court below are reversed, with directions to discharge the appellants.