LEAVENWORTH, TOPEKA & SOUTHWESTERN RAILWAY
COMPANY v. J. C. STONE, JR., *et al.*

**No. 10887.**

1. CONSTRUCTIVE SERVICE—*Insufficient Affidavit.* In an affidavit
for service by publication a mere statement of the character of
the action is insufficient. It must state facts sufficient to show
that the case is one of those mentioned in the code, and, in an action concerning real estate, it should give the location of the land.

2. SERVICE OF SUMMONS—*Corporation.* It was shown that while
the secretary of the defendant corporation did not reside in the
state an assistant secretary did. *Held*, that service of summons
on the latter was good.

Error from Leavenworth district court; L. A.
MYERS, judge. Opinion filed December 10, 1898.
Reversed.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in
error.

*William A. Porter,* for defendant in error J. C.
Stone, jr.

PER CURIAM : This was an action brought by J. C.
Stone, jr., against the Leavenworth, Topeka & South-
western Railway Company and others to declare a for-
feiture of the railway company's right of way over
plaintiff's land, and to quiet his title and possession
to the strip embraced in such right of way. The rail-
way company is a Kansas corporation. No summons
was issued against and served upon it, but in lieu
thereof an affidavit was filed in the following words :

"J. C. Stone, jr., being first duly sworn on his
oath, states that he is the plaintiff in the above-
entitled cause ; that the above-named defendant, or
the American Loan and Trust Company, trustee, is a
non-resident of the state of Kansas, and that personal

service of summons cannot be had upon said American Loan and Trust Company or upon the Leavenworth, Topeka & Southwestern Railway Company within the state of Kansas; that the plaintiff with due diligence is unable to make personal service of summons upon the defendants above named within the state; that the said cause is to quiet the title to real estate, as provided by section 72 of the code of civil procedure; that the plaintiff·is unable to find any of the officers of the Leavenworth, Topeka & Southwestern Railway Company.''

Upon this affidavit newspaper publication was made against the railway company. The service thus made was attacked by appropriate motions and the motions were overruled. An answer was filed, and upon trial judgment was rendered for plaintiff in accordance with the prayer of the petition. This judgment, as shown by the record in the cases of *Atwood v. The State*, and *Chaplin v. The State* (59 Kan. 728, 54 Pac. 1057), recently decided by this court, was more in the nature of a judgment in ejectment than otherwise. This, however, is probably immaterial to a correct understanding of the present case.

The railway company prosecutes error to this court, alleging, among other things, the insufficiency of the service made upon it. Its contention is correct. Section 72 of the civil code declares the cases in which service by newspaper publication may be made, and section 73 prescribes the substance of the affidavit to be filed as a foundation for publication notice. The last sentence in section 73 reads as follows: '' This act shall apply to domestic corporations which have not been legally dissolved in cases where the officers thereof have departed from the state or cannot be found.'' The affidavit in question is defective in several particulars. It states that the action is one '' to

quiet title to real estate as provided by section 72 of the code of civil procedure.'' This is a mere statement by the plaintiff of the character of his action. It is not, as required by the statute, ''a showing that the case is one of those mentioned'' by section 72. (*Claypoole v. Houston*, 12 Kan. 326.) Again, inasmuch as an action concerning real estate is not transitory, but is local, and must be brought in the county where the land is situate, the affidavit should state the location of the land. This was not done. Under section 73 of the code it is not sufficient in suits against domestic corporations merely to state that the plaintiff ''is unable to find any of the officers.'' The affidavit should state in the language of the law that the officers '' cannot be found.''

Personal service of summons may be made upon the officers of a corporation mentioned in section 65 of the civil code (Gen. Stat. 1897, ch. 95, § 65 ; Gen. Stat. 1889, ¶ 4147), and among these is the secretary. It was shown upon the hearing of the motion to set aside the service that, while the secretary of the defendant company did not reside within the state, an officer denominated by it an '' assistant secretary'' did live within the state. In such case we think a service upon him would have bound the company.

The defendant's motion to set aside the service upon it should have been sustained. It is ordered done, and the judgment is therefore reversed.