Worden v. Cole.

---

L. P. WORDEN *et al., as Partners, etc.,* v. LYDIA A. COLE.
No. 14,557. (86 Pac. 464.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Void on Its Face—Separate Tracts Sold in Bulk.* A tax deed which shows a sale of several separate and distinct tracts of land in bulk for a gross sum is void on its face.

2. ——— *Defective Description Not Cured by Act to Legalize Compromise of Delinquent Taxes.* Chapter 242 of the Laws of 1901, purporting to legalize the acts of the county officers of Hamilton county in the compromise of delinquent taxes for the years 1892 to 1900, inclusive, cannot cure a defective description in a tax deed issued by such officers during the year 1894 for the delinquent taxes of 1886, 1887 and 1888.

Worden v. Cole.

3. EVIDENCE—*Judicial Notice.* This court will take judicial no-
tice of the permanent location of an important line of rail-
road which traverses the state upon a firmly established route,
and that certain lands conveyed to the railway company by
patent from the state by authority of an act of congress are
within the limits of such permanent location and a part of
the lands granted to the railway company.

Error from Hamilton district court; WILLIAM
EASTON HUTCHISON, judge.  Opinion filed July 6, 1906.
Reversed.

*George J. Downer,* for plaintiffs in error.

*Aaron Cole,* and *George Getty,* for defendant in
error.

The opinion of the court was delivered by

PORTER, J.:  Ejectment to recover lot 18, block 3, in
the town of Syracuse.    Defendant had judgment be-
low, and plaintiffs bring the case here for review.
Plaintiffs relied upon a deed from the owner of the fee.
Defendant claimed under a conveyance of a tax title,
and the only questions involved relate to the validity
of the tax deed.    The tax deed was issued January 4,
1894, and recites that twenty-two lots in fifteen dif-
ferent blocks in the town of Syracuse were subject to
taxation for the years 1886, 1887 and 1888.    The grant-
ing clause conveys to the grantee "the real property
last hereinbefore described."    The last description in
the former recitation is lots 2, 3, 4, and 5, block 40.
The deed shows that all of the twenty-two lots were
sold together for a gross sum.

In *Cartwright v. McFadden,* 24 Kan. 662, the deed
described several odd-numbered lots, with nothing to
indicate that they might not lie side by side without
being divided by streets, and it was held that they
might be contiguous and the deed was declared not
void on its face.    It was said in that case that if the
deed showed the lots to be separate and distinct tracts
of land it would be void on its face.    Here it is ap-

parent that the fifteen blocks were separated by streets, and the several lots mentioned, therefore, separate and distinct tracts of land. The deed was void on its face because it recited a sale in gross of separate and disconnected tracts of land.

Another question in this case is whether these defects in the deed were cured by chapter 242 of the Laws of 1901, which reads as follows:

"An act to legalize the official acts of county officers of Hamilton county, Kansas, in relation to the compromising of delinquent taxes of said county for the years 1892 to 1900, inclusive.

"*Be it enacted by the legislature of the state of Kansas:*

"SECTION 1. That the acts of the board of county commissioners, county clerks and county treasurers of Hamilton county in relation to the compromising of the delinquent taxes of Hamilton county, on tax certificates held by said county for the years 1892 to 1900, each inclusive, are hereby declared legal and valid, any errors or irregularities to the contrary notwithstanding, and the tax deeds issued by the county clerks on any of such tax certificates so compromised are hereby declared legal and valid.

"SEC. 2. This act shall take effect and be in force from and after its publication in the statute-book."

It is the contention of the defendant that this act applies and cures the defects. Plaintiffs, on the other hand, question the power of the legislature to enact a law which it is claimed has the effect to declare a deed conclusive evidence of compliance with those requirements essential to the valid exercise of the taxing power. It is not necessary, however, to decide that question here, for the reason that, conceding the validity of the act, it has no possible bearing upon the defects of the tax deed. The act only attempts to legalize certain acts of the county officers of Hamilton county in the compromise of delinquent taxes for the years 1892 to 1900. Defendant is forced to place such a violent construction upon this language as to have it apply to the taxes for the years 1886, 1887 and 1888, if compromised during the years mentioned in the act.

It is said that the language of the act has reference to the time of the compromise and not to the years the taxes were levied; but the expression "taxes for" a certain year is one the meaning of which is so well established by usage that there is no room for dispute.

For another reason the act has no application: It purports to legalize the things done by the officers in the compromise of taxes, and could not have been intended to cure defects which had no reference to the compromising of taxes and which could not have been within the intent of the legislature. If the legislature had intended to provide for a sale of distinct and separate tracts of land in bulk, or to alter the form and requirements of tax deeds, somewhere in the act words would have been employed to indicate such purpose.

Defendant has still another contention which must be passed upon: Plaintiffs are only entitled to recover on the strength of their own title and not upon the weakness of the title of the defendant, who has the actual possession. (*O'Brien v. Bugbee,* 46 Kan. 1, 26 Pac. 428.) On the trial plaintiffs' proof of title ran back to a patent from the state of Kansas to the Atchison, Topeka & Santa Fe Railroad Company. They proved no conveyance from the United States, the primary owner of the soil, to the state of Kansas, and it is urged that this failure on their part left a fatal gap in their title. In *Neer v. Williams,* 27 Kan. 1, Mr. Justice Brewer used this language:

"If the grantor has no title, neither patent nor deed conveys anything. The state is not the primary owner of the soil, and until title is shown from the United States to the state, a patent from the state of Kansas is no more than mere waste paper." (Page 65.)

It is contended that the court will take judicial notice of the acts of congress and that this is an odd-numbered section; but it is urged that the court cannot take judicial notice of when and where the railway line of the Atchison, Topeka & Santa Fe Railroad Company was definitely located, or whether this particular odd-

numbered section lies within the limits of that grant and of such location. We are unable to agree with defendant upon this proposition. In the case of *G. C. & S. F. Ry. Co. v. The State,* 72 Tex. 404, 10 S. W. 81, 1 L. R. A. 849, 13 Am. St. Rep. 815, it was said:

"But the authorities cited show that we must take notice of the geography of the state, and at least of its navigable streams. It is a matter of history that important lines of railroad once established have remained as fixed and as permanent in their course as the rivers themselves. They supersede in the main all other modes of travel between the points which they touch and become as well if not better known than any other geographical feature of the country. Their locality becomes 'notorious and indisputable.'" (Page 410.)

In volume 1 of Wharton on the Law of Evidence, section 339, it is said:

"A court is bound to take judicial notice of the leading geographical features of the land, the minuteness of the knowledge so expected being in inverse proportion to distance." (See, also, *Peyroux and others v. Howard and Varión,* 32 U. S. 324, 8 L. Ed. 700; 17 A. & E. Encycl. of L. 944.)

This court, of course, will take judicial notice of the act of congress referred to in the patent from the state to the railway company, and we are of the opinion that the court should also take judicial notice of the fact that this odd-numbered section 7, conveyed by the patent from the state to the railway company, lies within the limits of the congressional grant and within the limits of the line of the road as permanently located.

Plaintiffs' title was sufficient to entitle them to a judgment. The tax deed under which defendant claimed being void on its face, the judgment is reversed, and the cause remanded with instructions to render judgment for the plaintiffs.

All the Justices concurring.