## G. L. FINN V. HORACE W. HOWARD.
### No. 15,410.   (94 Pac. 801.)
#### SYLLABUS BY THE COURT.

1. JUDGMENTS — *Service by Publication — Affidavit.* To obtain service by publication the statutory procedure must be closely followed, and where the affidavit is defective and irregular, but not to the extent of being substantially worthless, a judgment by default entered thereon may be irregular and subject to reversal on error; but if the material facts are inferentially, although imperfectly, stated in the affidavit the judgment will not be absolutely void.

2. ——— *Stating Character of Cause of Action in Affidavit.* An affidavit to obtain service by publication in a suit to quiet title which recites, among other things, that the plaintiff has filed his petition against the defendants, naming them, praying judgment quieting title to certain lands, describing them, and that the defendants may be barred and foreclosed of any right, title or interest in and to the lands, is not so defective in stating the character of the cause of action as to render a judgment based thereon absolutely void.

Error from Wichita district court; CHARLES E. LOBDELL, judge. Opinion filed March 7, 1908. Reversed.

*J. S. Simmons,* for plaintiff in error.

*W. H. Russell,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a suit brought by G. L. Finn against Stephen Parsons, Horace W. Howard and thirty-eight others to quiet the title of Finn, as against the defendants, to a tract of land, a service by publication was based upon the following affidavit:

"State of Kansas, County of Wichita, ss.

"W. B. Washington, being duly sworn, deposes and says that he is the duly authorized attorney for said plaintiff in the above-entitled action; said plaintiff has filed in said district court of Wichita county, Kansas, his petition against said defendants praying judgment against Stephen Parsons [here follows thirty-nine other names, including Horace W. Howard], quieting title in plaintiff G. L. Finn in and to the following-described

lands, situated in the county of Wichita and state of Kansas, viz.: [Here follows the description of eighteen quarter-sections of land, including the one in controversy, properly described], said defendants may be barred and foreclosed of any right, title or interest in and to said premises.

"Affiant further says that all the defendants except F. H. Smith herein reside out of the state of Kansas; that plaintiff has made diligent effort to procure service of summons upon said defendants and that with such due diligence he is unable to make service of summons on said defendants within this state.

W. B. WASHINGTON.

"Subscribed and sworn to before me this 10th day of September, 1902. R. C. GARNES,

[SEAL.] *Clerk of District Court.*"

On this service judgment by default was rendered quieting the plaintiff's title and excluding Horace W. Howard and the other defendants from any interest in the lands. Thereafter, and more than three years from the rendition of the judgment, Howard filed a motion to vacate the judgment, alleging that the court was without jurisdiction in the case because there was no legal publication made nor valid notice given to the defendants. On the hearing of the motion the court decided that the affidavit for service by publication was fatally defective, in that it failed to disclose that the action was one of those mentioned in section 72 of the code of civil procedure (Gen. Stat. 1901, § 4506), and that ruling has been brought here for review.

Were the defects in the affidavit such as to deprive the court of jurisdiction and make the judgment that was rendered absolutely void? It is conceded that to obtain constructive service the requirements of the statute must be closely followed, and if there is a departure from the statutory procedure in some essential particular there can be no jurisdiction or valid judgment. If, however, there is informality or irregularity, but still not to the extent of making the process worthless, it would be a ground of error, and the judgment would be liable to be reversed or set

aside, if action were seasonably taken; but the judgment would not be absolutely void. (*Entreken v. Howard, Adm'r*, 16 Kan. 551; *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830.) The alleged defect in this instance is that the affidavit does not state the real nature of the action or show that it is one in which service by publication is permissible. It is argued, and correctly, too, that it is not enough to give a mere general statement of the character of the action. Such a service, if not set aside on motion, is subject to attack by petition in error, but will not necessarily be held void on collateral attack.

The case of *Claypoole v. Houston*, 12 Kan. 324, is cited to show that a statement in an affidavit that the action related to real estate and was one of those mentioned in section 72 of the code was defective and insufficient. That was held, however, in a proceeding in error, which was brought directly to review a ruling on the sufficiency of the affidavit. In that case it was said that "such a service will be held valid when attacked collaterally (*Armstrong v. Grant*, 7 Kan. 285), but insufficient when attacked by a petition in error (*Dutton v. Hobson*, 7 Kan. 196)." (Page 327.) Another case cited is *Railway Co. v. Stone*, 60 Kan. 57, 55 Pac. 346, where there was a bare statement in the affidavit that the "cause is to quiet the title to real estate, as provided by section 72 of the code" (p. 58), and it was held that the failure to show the character of the action and the location of the land rendered the affidavit insufficient. The question, however, was raised on error, and the decision is therefore not an authority that such a service rendered the judgment absolutely void, where the attack is made years after the judgment was rendered. (*Shippen v. Kimball*, 47 Kan. 173, 27 Pac. 813.) It only illustrates the difference between a defective notice and no notice at all. The rule was stated in *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830, where it was said:

"If there is a total want of evidence upon a vital

point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable." (Syllabus.)

Within the rule of these cases the affidavit in the present one, wherein the judgment stood unassailed for more than three years, cannot be held to be fatally defective. As to the character of the action, the affidavit states that it was brought to quiet title in the plaintiff to certain lands, describing them in detail, and also that the defendants against whom the action had been brought might "be barred and foreclosed of any right, title or interest in and to said premises." The statement "quieting title in plaintiff" to certain lands is a phrase that is well understood, and, while that phrase alone would be a meager and defective statement of a cause of action, it is one which any person who is familiar with legal terms would not misunderstand. The affidavit in question, however, went much further in describing the nature of the action. It recited that in plaintiff's petition filed against the defendants he asked that the defendants be barred and foreclosed of any right, title or interest in the lands, and that was equivalent to a statement that he was seeking to have whatever interest or claim defendants might have in the land determined and held for naught and plaintiff's title, as to them, quieted. In effect, he asked not only that his title be quieted but that the defendants be excluded from any title or interest in the land. It was certainly sufficient to meet the attack made in this instance (*Dillon v. Heller*, 39 Kan. 599, 18 Pac. 693), and, indeed, it would not be easy to say that the defect is such as to constitute error or render the judgment voidable. Much less can it be said that the defect renders the judgment absolutely void.

The judgment of the district court is reversed and the cause remanded for further proceedings.