A. R. HETZER, *Appellee,* V. J. F. KOOGLER, *Appellant.*

No. 17,369.

### SYLLABUS BY THE COURT.

1. JUDGMENT—*No Service—Void—Set Aside.* A judgment was. rendered upon default, reciting a service upon one of the defendants named therein by publication only. The defendant's name was not included in the affidavit for publication nor in the petition, and he was not a party to the action. It is *held* that the judgment, so far as it purports to affect that defendant or his property, is a nullity, and there was no error in setting it aside on motion of a party holding property by conveyance from the supposed defendant which the judgment purported to bind.

2. A VOID TAX DEED. A tax deed which shows the sale of several separate and distinct tracts in bulk for a gross sum is void upon its face. (*Worden v. Cole,* 74 Kan. 226, 86 Pac. 464.)

3. TITLE—*Abandonment.* The claim that the owner of land has lost his title by abandonment in favor of the tax-title holder, under the facts of this case, is not sustained.

Appeal from Kearny district court. Opinion filed May 11, 1912. Affirmed.

*L. S. Harvey,* for the appellant.

*H. O. Trinkle,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to set aside a tax deed by the appellee holding the government title. The defense is that the appellant is an innocent purchaser in good faith, holding under a warranty deed through several mesne conveyances from the plaintiff in an action brought to quiet title, wherein the then holder of the government title, under whom the appellee claims, was a party defendant, and was barred and excluded by the judgment therein from any interest in the land. Other defenses to which reference will be made were also interposed.

The facts are these: One F. C. Puckett became the owner of the tax title. In April, 1903, he commenced an action in the proper court to quiet his title to this and many other tracts. Many defendants were named in the petition, but the name of James W. Mitchell, the preëmptor and holder of the government title, was not included either in the title or body of the petition. Nor did his name appear in the affidavit for publication. He was not served with summons nor did he appear in the action. By the terms of the judgment, however, he was barred and foreclosed from any interest, estate or property therein. At that time he had left the land and resided in Colorado. After the judgment, relying upon an abstract showing its terms, the appellant bought the land, paying $860 therefor, receiving a warranty deed from a grantee of Puckett, the plaintiff in the action referred to. In July, 1908, the appellee purchased the land of Mitchell for $100, and received a quitclaim deed therefor. Having thus acquired the title, the appellee filed a motion in the Puckett case to set aside the judgment therein as to Mitchell on the ground that it was void as to him because he was not a party to the action. Notice of this motion was served on the attorney of record for Puckett in that action, who indorsed an acceptance of service as such attorney of

record, adding the statement that he was not then attorney for the plaintiff therein.    No service of the notice was made upon appellant nor did he appear on the hearing.    The court having heard this motion, found that the appellee had acquired the interest of Mitchell in the land in question; that proper notice of the motion had been given; that the judgment quieting title against Mitchell was void for the reason that he was not a party to the action and that his name did not appear in the petition or affidavit for publication and therefore sustained the motion and set aside the judgment as to Mitchell.

Error is assigned in setting aside the judgment quieting title because the motion was not made by the proper party or within the time allowed by law.    If that judgment was void time is not important, and any person affected had the right to make the motion under section 598 of the civil code, which provides:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

It is also insisted that notice of the motion upon the attorney who had brought that action was insufficient, because his authority as an attorney had long since ceased.    Authority for such service is claimed under section 559 of the civil code, viz.:

"Notices of motions mentioned in this article may be served . . . on the party, or his attorney of record."

It is not necessary to decide whether such service is sufficient after the action has terminated and the attorney upon whom it is served has been discharged, for if the judgment was void it could be set aside without any notice, or disregarded without the formality of setting it aside.

The principal question then is whether the judgment against Mitchell was void.    It recites that an affidavit of nonresidence of James W. Mitchell and of the nature of the suit was filed and that summons by publication

was issued and published; that publication was approved; and that he had made default. These recitals were sufficient *prima facie* to show jurisdiction had been obtained by constructive service, but as already stated the court found on the hearing of the motion to set aside the judgment that Mitchell's name was not in the affidavit and that he was not a party to the action. These findings are based on the original affidavit and petition remaining on file. The fact therefore is that there was no affidavit for publication filed against Mitchell. Publication in the absence of such an affidavit was a nullity as to him, and the judgment against him was void. (*Shields v. Miller,* 9 Kan. 390; *Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830; *Larimer v. Knoyle,* 43 Kan. 338, 347, 23 Pac. 487; *Adams v. Baldwin,* 49 Kan. 781, 787, 31 Pac. 681; *Finn v. Howard,* 77 Kan. 421, 94 Pac. 801.)

The void judgment adds nothing to the effectiveness of the tax title upon which it was based, and the tax deed is void upon its face because it appears from its recitals that several separate and distinct tracts were sold in bulk for a gross sum. (*Worden v. Cole,* 74 Kan. 226, 86 Pac. 464.)

Another defense pleaded in the answer is that the appellant should hold the title obtained from Mitchell as a trustee for the appellee within the principle decided in *Robertson v. Rawlins County,* 84 Kan. 52, 113 Pac. 13. The evidence offered on that subject was excluded because of an informal certificate to the deposition. We have read it, however, and find that it fails to bring the case within the principle decided in the Rawlins case. It is true that the party who represented the appellee in purchasing the land said that he was buying it for another party, but it is not shown that he claimed to be acting for any person holding under Mitchell or any person to whom it would be for his interest to convey it.

The claim that Mitchell had lost the land by aban-

donment can not be sustained. (*Barrett v. Coal Co.,* 70 Kan. 649, 79 Pac. 150; *Spencer v. Smith,* 74 Kan. 142, 85 Pac. 573.) It does not appear that the holder of the tax title was in adverse possession and the rule declared in *Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681, applies.

There was no error in the judgment in this action setting aside the tax deed and awarding the appellant. only a lien for taxes paid, as provided by law.

The judgment is affirmed.