No. 21,571.

THE STATE OF KANSAS, ex rel. ALBERT H. WILSON, County At-
torney of Hodgeman County, *Appellee*, v. CARL CARLSON,
*Appellant*.

SYLLABUS BY THE COURT.

1. HIGHWAY—*Opened Thirty Years—Obstruction of Road—Technical Ob-
jections to Record.* In an action to enjoin the obstruction of a public
road which had been laid out and open for travel more than thirty
years, technical objections to the sufficiency of the record are held
insufficient, in a collateral attack, to show lack of jurisdiction in the
commissioners.

2. SAME — *Laying Out of Road — Judicial Notice of Nonresidence of
Railroad Company.* When the road was laid out, the appellant's land
belonged to the Atchison, Topeka and Santa Fe Railroad Company.
The only service of notice to the company was by publication, and there
was no finding by the commissioners that the company was a nonresi-
dent of the county. *Held*, that the court will take judicial notice that
in 1885 the railroad company was not operating its railway in Hodge-
man county, and was not a resident of the county.

3. SAME—*Road Prima facie Established—Burden of Proof.* The opinion
in *Gehlenberg v. Saline County*, 100 Kan. 487, 165 Pac. 286, followed,
and *held*, that the introduction of the record of the report, survey and
plat placed the burden upon appellant to show lack of jurisdiction;
and further, that the objections raised to the record are not sufficient
to overturn the presumption of its validity.

Appeal from Hodgeman district court; ALBERT S. FOULKS,
judge. Opinion filed November 9, 1918. Affirmed.

*Roscoe H. Wilson*, of Jetmore, for the appellant.

*S. M. Brewster*, attorney-general, and *B. H. Asher*, county
attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an action brought by the state the appellant
was enjoined from 'obstructing a public road laid out and
opened for travel more than thirty years ago.

The question involves, so far as appellant's rights are con-
cerned, only that part of the road which crosses his land. Road
No. 17 in Hodgeman county was laid out in 1885, leading in a
southerly direction from the city of Jetmore to connect with a

road in Ford county to Spearville on the Santa Fe railroad. Ever since it was laid out it has been used and traveled.

In a collateral attack on the original proceedings the appellant urges a number of technical objections to the sufficiency of the record, contending that these show a lack of jurisdiction in the commissioners. The affidavit of service of notice to landowners was sworn to before a deputy county surveyor, who it is insisted was not authorized to administer oaths, except to witnesses called before the viewers. The error was, at most, of trifling importance, and must be held cured by lapse of years.

Appellant's land belonged to the Atchison, Topeka and Santa Fe Railroad Company when the road was established. The record of the proceedings fails to show service of notice to the company except by publication, and there was no finding by the commissioners that the railroad company was a nonresident of the county. In *Worden v. Cole*, 74 Kan. 226, 86 Pac. 464, we took judicial notice of when and where the railway line of this same railroad was definitely located, and also that a certain odd-numbered section of land is within the congressional grant to the railroad company. (To the same general effect see *Patterson v. Railway Co.*, 77 Kan. 236, 94 Pac. 138.) If the commissioners had solemnly found that the railroad company, which then owned the land, was not a resident of Hodgeman county, they would have found a fact which every one is presumed to have known, and of which courts will take judicial notice.

The road as established across appellant's land conforms to the petition, and his objections that other portions of it were not laid out in conformity to the petition as respects the *termini* are of no consequence. The commissioners' record shows the report of the viewers, the survey and plat; all these on their face appear regular, and show with reasonable certainty a substantial compliance with the requirements of the law, which is all that is necessary. As said in the opinion in *Gehlenberg v. Saline County*, 100 Kan. 487, 490, 165 Pac. 286, quoting from *Lewis et al. v. Laylin et al.*, 46 Ohio St. 663, 666:

" 'In determining the sufficiency of the records of inferior tribunals and public boards, to express their purposes or to preserve a memorial of their transactions respecting matters within their jurisdiction, technical precision should not be required; on the contrary, they should be liberally construed.' "

Greenlees v. Oil & Refinery Co.

Besides, it was held in the Gehlenberg case that, since the statute (Laws 1874, ch. 108, § 6) requires that the commissioners shall order the viewers' report, the survey, and the plat to be recorded, and declares that "from thenceforth said road shall be considered a public highway."

"This is a legislative declaration, that upon the recording of the report, survey and plat, the road shall be regarded, *prima facie*, as legally established. The declaration is unqualified, binds landowners, public officials and the courts, and casts upon any person contesting the road proceedings the burden of establishing their invalidity." (p. 491.)

The action here is not an appeal by the landowner from proceedings to establish a road; it is a collateral attack made more than thirty years after the proceedings to establish the road were instituted. The introduction of the record placed the burden upon appellant to show a lack of jurisdiction, all the presumptions being in favor of the regularity of the proceedings leading up to the making of the record.

The state contends that the evidence was sufficient to show the establishing of a road by prescription, aside from the sufficiency of the record, but we deem it unnecessary to consider that question, for the reason that the objections raised to the record itself are not sufficient to overturn the presumption of its validity.

The judgment is affirmed.