No. 34,152

ORVILLE WHITE, *Appellant*, v. CENTRAL MUTUAL INSURANCE COMPANY et al., *Appellees;* HUGH C. LARIMER, Garnishee; HENRY G. MILLER, Receiver, Intervenor.

No. 34,153

J. W. HEALZER, *Appellant*, v. CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO, ILL., et al., *Appellee;* HUGH C. LARIMER, Garnishee; HENRY G. MILLER, Receiver, Intervenor.

(91 P. 2d 1)

Opinion denying a rehearing filed May 20, 1939. (For original opinion of dismissal see 149 Kan. 610, 88 P. 2d 1041.)

*Walter F. Jones, Claude E. Chalfant, J. Richards Hunter,* all of Hutchinson, and *Donald H. Hansen,* of Caney, for the appellants.

*T. M. Lillard, O. B. Eidson* and *Philip H. Lewis,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: In their motion for rehearing appellants point out a slight inaccuracy in the statement of facts in the opinion (p. 614), where it was said: "He (Petree) had been permitted to intervene in the Reno county actions." There had been, in fact, no order authorizing him to intervene or granting him permission to do so. We are told this is principally because the motion or application to intervene never had been presented. We are glad to correct the inaccuracy. Petree's motion to set aside as void the previous judgment of the court, in fact, was considered and sustained by the court, as shown by the journal entry set out at page 613 of the court's opinion. Apparently this was done without any objection on the part of anyone that a formal order authorizing Petree to intervene in the cases had not been made.

More than that, Petree was a person affected by the judgment alleged to be void and sought to be set aside, and therefore he had a right, under G. S. 1935, 60-3009, to file a motion to have the judgment set aside and to have such motion heard by the court irrespective of a formal order of the court permitting him to intervene. This is true even though previously he had not been a party to the actions (*Hetzer v. Koogler,* 87 Kan. 37, 123 Pac. 876), and this rule is applicable in garnishment proceedings. (*Harwi v. Klippert,* 67 Kan. 743, 746, 74 Pac. 254.) We feel confident in saying that the absence of a formal order authorizing or permitting Petree to intervene in the Reno county actions has no specific bearing upon his right to move to have the judgments set aside as void, and, when his motions were sustained, the necessity of serving the notice of appeal upon him in order to have that ruling reviewed.

The motion for rehearing is overruled.