THE PEOPLE OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* CROBERTO SOLER, Defendant and Appellant.

No. 10780. Argued February 2, 1953.—Decided March 6, 1953.

*F. Navarro Ortiz* and *Domínguez & Domínguez,* for appellant. *J. B. Fernández Badillo, Acting Secretary of Justice,* and *Omar Cancio Sifre, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

Croberto Soler formerly held the position of Institution Manager II in the Department of Health with an annual salary of $2,904 per year. He was designated by the Commissioner of Health to be Manager of the Antituberculosis Hospital. In order to carry out the duties of that position, he was given the use of a house belonging to the People of Puerto Rico as a residence. On May 28, 1951 the Commissioner sent Soler a communication advising him that he had been discharged from his position in the Department as Institution Manager II. Soler appealed from the action of the Commissioner to the Personnel Board. Since his discharge Soler has not rendered any services to the Department of Health and has refused to vacate the house he was occupying as a residence by virtue of his position. The People of Puerto Rico filed this unlawful detainer suit against Soler to evict him from the house. After a trial on the merits, the lower court entered judgment in favor of the plaintiff from which the defendant has appealed.

The principal contention of the defendant is that the lower court erred in refusing to permit him to show that his discharge was illegal. We think the lower court was clearly correct in reaching that result. Under § 31(a) of Act No. 345, Laws of Puerto Rico, 1947, as amended by Act No. 214, Laws of Puerto Rico, 1951, the defendant was entitled as he did to appeal to the Personnel Board from the action of the Commissioner decreeing his removal. If the decision of the Board was unfavorable to him, under § 31(a) he was entitled to review by the Superior Court located where he was serving on questions of law, but the "findings of fact made by the Board shall be accepted" by the Superior Court, whose decision "shall be final". Cf. Comm'r of Education v. District Court, Feliciano, Int., ante, p. 306. The record is silent on what disposition, if any, has been made by the Board of the defendant's appeal. The case is therefore gov-

erned by the rule that the courts will not intervene where an aggrieved party has not exhausted his administrative remedy. *Medina* v. *Hato Rey Realty Co.*, 72 P.R.R. 595; *Commissioner of Labor* v. *South Porto Rico Sugar Co.*, 73 P.R.R. 151, 158, and cases cited therein.

The defendant could have raised within the proceeding before the Board all the questions he seeks to try here, including the alleged lack of charges and an opportunity to be heard. But his discharge, which is presumed to be lawful unless and until set aside by the Board or the courts under § 31 (*a*), eliminated his right to occupy the house in the same way as it eliminated his right to remain in the position and to collect the salary. See § 2 (*b*) of Act No. 411, Laws of Puerto Rico, 1947, as amended by Act No. 27, Laws of Puerto Rico, Fourth and Fifth Special Sessions, 1947, p. 396. The defendant, by refusing to vacate the house, cannot subvert an unlawful detainer case by attempting to try within it the question of the validity of his discharge. To permit this would be for us to bypass § 31 (*a*) which requires a discharged employee to resort first to the Board, which gives to the Board as a specialized agency, and not to the courts, the function of finding the facts, and which provides for a judicial review that ordinarily terminates in the Superior Court. *Cf. Comm'r of Education* v. *District Court, Feliciano, Int., supra.*

The defendant also complains of the action of the lower court in refusing to issue a subpoena directing the Attorney General to produce certain documents. But the defendant indicated at the trial that he proposed to introduce these documents in evidence on the issue of the validity of his discharge. As we have held that this issue could not be litigated within the unlawful detainer suit, the documents in question were not material to any matter involved in the action. The lower court therefore did not err in refusing to issue a subpoena directing the Attorney General to produce them. Sections 472–73, Code of Civil Procedure, 1933 ed.;

*People* v. *Keith Ry. Equipment Co.*, 161 P. 2d 244, 256. And see *Cortés* v. *District Court*, 65 P.R.R. 154.

The judgment of the former district court will be affirmed.