OFFICE EMPLOYEES INTERNATION-
AL UNION, LOCAL NO. 11,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.
No. 12896.

United States Court of Appeals
District of Columbia Circuit.
Argued March 19, 1956.
Decided June 21, 1956.

Bazelon, Circuit Judge, dissented.

Mr. Joseph E. Finley, Washington, D.
C., for petitioner.

Miss Fannie M. Boyls, Attorney, Na-
tional Labor Relations Board, with whom
Mr. Marcel Mallet-Prevost, Assistant
General Counsel, National Labor Rela-
tions Board, was on the brief, for re-
spondent.

Messrs. Clifford D. O'Brien and Rich-
ard Frank, Washington, D. C., filed a
brief as amici curiae, urging affirm-
ance.

Before PRETTYMAN, BAZELON and
DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Petitioner, as its name implies, is a
labor union primarily representing office
and clerical employees. It filed with the
Labor Board charges against a group
of other organizations, mostly unions,
known in this litigation collectively as
the Teamsters. It alleged many unfair
labor practices in respect to certain of
the Teamsters' office and clerical em-
ployees. The dissenting Board members
observed that "the violations charged to
the Respondents [the Teamsters] not
only run the entire gamut of employer
unfair labor practices, but also include
at least one novel variation." The Board
itself said: "This is the first proceed-
ing to be decided by the Board in its 20-
year history in which labor organiza-
tions have been charged with committing
unfair labor practices as employers in
dealing with their own employees." An
Examiner, after hearing, found most of
the charges sustained. The Board did
not disturb those findings or conclusions
but found that the policies of the Act
would not be effectuated by asserting ju-
risdiction in the proceeding, and so it
dismissed the complaints in their entire-
ties.

The Board agreed with the Examiner's
interpretation of Section 2(2) of the
Act,[1] that labor organizations are em-
ployers with respect to their own em-
ployees. The Board then said it must
determine in respect to these respond-

1. 61 Stat. 137 (1947), 29 U.S.C.A. § 152
(2), providing in pertinent part: "The
term 'employer' * * * shall not in-
clude * * * any labor organization
(other than when acting as an employ-
er) * * *."

ents (the Teamsters), as in respect to all other employers, whether they are engaged in commerce or activities affecting commerce and, if so, whether the policies of the Act would be effectuated by asserting jurisdiction over them.

Proceeding with the inquiry the Board first found that these unions are non-profit organizations. It then applied to them the standards it says it regularly applies to non-profit organizations, citing cases to illustrate the application to universities, orchestras and such. It says it asserts jurisdiction over such organizations "only in exceptional circumstances and in connection with purely commercial activities". It found the Teamsters' activities to be, "obviously, not substantial engagement in a commercial venture" within the meaning of its rules. The foregoing was enough to dispose of the cases.

■ Cast in the frame indicated by the foregoing we think the decision fell within the broad discretion which seems to be established as applicable to the Board's actions in entertaining complaints. For example, in National Labor Relations Board v. Denver Bldg. & Const. Trades Council,[2] the Supreme Court said:

> "Even when the effect of activities on interstate commerce is sufficient to enable the Board to take jurisdiction of a complaint, the Board sometimes properly declines to do so, stating that the policies of the Act would not be effectuated by its assertion of jurisdiction in that case."

Other cases are to the same effect.[3]

The Board did not hold that labor organizations are not employers in respect to their employees. It held that they are. It held that Section 2(2) of the Act placed labor organizations in precisely the same status under the Act as are all other employers. It then applied to these respondent employers the rules it has already established for other employers. To be sure, this is not a case in which the Board had merely to apply to this union a rule theretofore established by it relative to unions. In this case, the first involving unfair labor practice charges against a union, the Board fashioned a rule out of the material and criteria theretofore established by it for use in a certain category. It found the criteria customarily applied to that category applicable to a union. In essence it treated the union as an employer.

It is argued by petitioner that by inserting the specific provision in Section 2(2) Congress removed from the area of Board discretion the jurisdiction of the Board in respect to labor organizations. We think the provision cannot be given so broad an effect. It put labor organizations in the category of employers as to their own employees, but it did no more than that.

The conclusions of the Board with reference to the non-profit character of these labor organizations, the reasoning with which it supports its criteria for jurisdiction, and the applicability of those criteria to the Teamsters are rational. We cannot say they are arbitrary or capricious. Our function in these areas of administrative discretion goes no further.

■ In the course of its opinion the Board expressly overruled a prior case[4] in which it had assumed jurisdiction in a representation matter involving a union

2. 341 U.S. 675, 684, 71 S.Ct. 943, 95 L. Ed. 1284 (1951).

3. National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394, 87 L.Ed. 579 (1943); National Labor Relations Board v. Newark Morning Ledger Co., 120 F.2d 262, 268, 137 A.L.R. 849 (3d Cir.1941), certiorari denied, 314 U.S. 693, 62 S.Ct. 363,

86 L.Ed. 554 (1941); Haleston Drug Stores v. National Labor Relations Board, 187 F.2d 418, 420–422 (9th Cir.1951); Local Union No. 12, etc. v. National Labor Relations Board, 189 F.2d 1, 3–5 (7th Cir.1951).

4. Air Line Pilots Association, 97 N.L.R.B. 929 (1951).

834

and its employees. But the Board has power to change its mind, just as a court does, and both of two conflicting views are often rational, neither arbitrary nor capricious.

The Board in its "Decision and Order" went on to say that, even if the criteria applicable to non-profit organizations generally were not applied to the Teamsters, the Board would not assert jurisdiction, because no other existing jurisdictional criteria apply. The Board said:

> "We do not believe that labor organizations, which, when engaged in their primary function of advancing employee welfare, are institutions unto themselves within the framework of this country's economic scheme, should be made subject to any of the standards originated for business organizations. Accordingly, we would, at least, require for labor organizations as employers the establishment of a jurisdictional standard contemplating the singular characteristics of their institutional operations. In presenting this case for Board determination the General Counsel failed to suggest any such standard."

The Board did not rest its conclusions and order on this latter part of its opinion and did not discuss the matter in its brief here. We need not treat of it but are constrained to comment that under the statutory scheme of organization the General Counsel to the Board does not seem to us to have a responsibility for the formulation of jurisdictional criteria for the Board itself. He has responsibility for filing complaints. In so far as the Board itself has a discretion in respect to jurisdiction over complaints once filed, it must take the responsibility for its own standards.

The order of the Board will be

Affirmed.

BAZELON, Circuit Judge (dissenting).

I think § 2(2)'s strikingly particular reference to labor unions sharply differentiates them from non-profit organizations generally and subjects them to the jurisdiction of the Act in respect to their own employees. Hence I think the Board erred in applying standards governing non-profit organizations generally as a basis for refusing to assert jurisdiction.