714

PUERTO RICO LABOR RELATIONS BOARD, Petitioner and
Appellee, *v.* SIXTO ORTEGA, Respondent and Appellant.

No. 11636. Argued April 1, 1956.—Decided November 30, 1956.

*Charles R. Hartzell, Rafael O. Fernández, P. Juvenal Rosa,
José L. Novas, Vicente M. Ydrach* and *Jaime Pieras, Jr.* for
appellant. *José Trías Monge, Attorney General,* and *A.
Torres Braschi, Ramón Acevedo Oliveras, Miguel Ríos Lugo,*
and *Sarah Torres Peralta* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the
Court.

Sixto Ortega operates a bakery, pastry shop and soda
fountain under one roof in Santurce. A union filed a peti-
tion with the National Labor Relations Board requesting an
investigation and certification of the union as the collec-

tive bargaining representative of Ortega's employees. The National Board dismissed the petition on the ground that " . . . it will not effectuate the policies of the [Taft-Hartley] Act to assert jurisdiction in this case." *Sixto Ortega*, 110 N.L.R.B. 1917.[1]

The union then filed a similar petition with the Puerto Rico Labor Relations Board requesting that it be certified as the collective bargaining representative of Ortega's employees under § 5 of the Puerto Rico Labor Relations Act.[2]

Our Board issued a subpoena to Ortega under § 7(c) which the latter refused to obey. The Board thereupon filed a petition in the Superior Court under § 7(d) to compel obedience to its subpoena. After an answer was filed and a hearing conducted, the trial court entered an order grant-

---

[1] The National Board takes the position that it would better effectuate the purposes of the Federal Act not to exercise its jurisdiction to the fullest extent, but to limit the exercise thereof to those cases involving a substantial impact on interstate commerce. Samoff, *Handy Guide to the July, 1954 NLRB Jurisdictional Standards*, 7 Lab.L.J. 667 (Nov., 1956) and cases cited; *Office Employees Int. Union* v. *National Labor Rel. Bd.*, 235 F. 2d 832, 833, footnote 3 (C.A. D.C., 1956; *Labor Board* v. *Denver Bldg. Council*, 341 U. S. 675, 684; *Haleston Drug Stores* v. *National Labor Relations Bd.*, 187 F. 2d 418 (C.A. 9, 1951), cert. denied, 342 U. S. 815; *Local Union No. 12* v. *National Labor Relations Board*, 189 F. 2d 1 (C.A. 7, 1951), cert. denied, 342 U. S. 868.

In determining whether it will assume jurisdiction, the National Board applies in Puerto Rico—as well as in Hawaii, Alaska and the Virgin Islands—the same general standards it uses in the United States. *The Virgin Isles Hotels, Inc.*, 110 N.L.R.B. 558; *Union Cab Company*, 110 N.L.R.B. 1921; *Conrado Forestier, d.b.a. Cantera Providencia*, 111 N.L.R.B. 848; *WP.R.A., Inc.*, 111 N.L.R.B. 1097; *South P. R. Broadcasting Corporation, d.b.a. Radio Station WISO*, 111 N.L.R.B. 272; *Homer W. Robinson, d.b.a. Alaska Beverage Company*, 111 N.L.R.B. 995; Samoff, *supra*, pp. 735–36. The National Board does not concede that it is compelled to adopt this approach in Puerto Rico since July 25, 1952; on the contrary, it insists that it still has plenary jurisdiction here, *Xavier Zequeira*, 102 N.L.R.B. 874, but that it prefers not to exercise it. We leave for another day the question of the respective spheres of power of the National and State Boards. See the last paragraph of footnote 4.

[2] Act No. 130, Laws of Puerto Rico, 1945, as amended by Act No. 6, Laws of Puerto Rico, 1946; 29 L.P.R.A. § 61 *et seq.*

ing the petition of the Board, from which Ortega appealed to this Court.[3]

 Ortega contended before the National Board that the Taft-Hartley Act ". . . which is applicable to the Territories, is not applicable to the Commonwealth of Puerto Rico." 110 N.L.R.B. at 1917. Once the National Board declined to assert jurisdiction, Ortega changed his position. In resisting the subpoena to appear before our Board, Ortega argued that the National Board has exclusive jurisdiction and that the State Board may not assume jurisdiction even though the former has declined to exercise its jurisdiction.

Absent a declination of jurisdiction, the National Board has exclusive jurisdiction where the conduct in question is subject to the Taft-Hartley Act, either in an unfair labor practice or representation proceeding. *Asoc. Empl. Bayamón Transit* v. *Labor Rel. Board*, 70 P.R.R. 273, 282–84; *Labor Relations Board* v. *N.Y. & P.R. S.S. Co.*, 69 P.R.R. 730; *Labor Rel. Board* v. *I.L.A.*, 73 P.R.R. 568. But here the National Board, assuming it had jurisdiction, refused to exercise it. 110 N.L.R.B. 1917. And the cases are divided as to whether under those circumstances a declination of jurisdiction by the National Board empowers a State Board to assume jurisdiction.[4] This is a substantial ques-

---

[3] The order of the Superior Court is appealable. *Sierra, Commissioner* v. *Cuevas*, 72 P.R.R. 159, 160, footnote 1.

[4] This question is squarely before the Supreme Court in *Guss* v. *Utah Labor Relations Board*, 296 P. 2d 733 (Utah, 1956), probable jurisdiction noted on appeal, 352 U. S. 817, 25 U.S.L. Week 3094, 3103. *Fairlawn Meats* v. *Amalgamated Meat Cutters, etc.*, 130 N.E. 2d 237 (Ohio, 1955), cert. granted, 351 U. S. 922–23; *Garmon* v. *San Diego Building Trades Council*, 291 P. 2d 1 (Calif., 1955), cert. granted, 351 U. S. 923, raises somewhat similar problems, although in the *Garmon* case the State court applied the Federal Act as California has no Labor Relations Act. See 104 U. Pa. L. Rev. 1001, commenting on the *Garmon* case, and 7 Lab.L.J. 664, 666, 713.

In previous cases the Supreme Court has left this question open. *Building Trades Council* v. *Kinard Construction Co.*, 346 U. S. 933; *Garner*

tion which the Supreme Court of the United States will apparently decide during its present term, see footnote 4. But that question should not be passed on in this proceeding.

The issue before us—whether the employer should be compelled to appear before the State Board—is narrow. We do not hold that the Superior Court is a rubber stamp for the Board and must automatically direct obedience to every subpoena of the Board. Situations may arise where the cases are so clearly outside the scope of the powers of the Board that it will be the duty of the Superior Court to refuse the request of the Board to compel obedience to its subpoena. But here the right of the Board to act in this case may finally be sustained. See footnote 4. Under these circumstances, the substantial issue as to the power of the Board to act when the National Board declines to assert its jurisdiction must be litigated before the Board, and not in an ancillary proceeding filed in the Superior Court. To

---

v. *Teamsters Union*, 346 U. S. 485, 488; *Bethlehem Co.* v. *State Board*, 330 U. S. 767, 776, 778.

The cases expressing conflicting views on this question are collected in Isaacson, *Labor Relations Law: Federal versus State Jurisdiction*, 42 A.B.A.J. 415, 484, footnote 30. This problem is discussed in detail in Serrano Geyls, *The National Labor Relations Board Jurisdictional Standards: A Problem in Federalism*, XVI Rev. del Colegio de Abogados 31, 47–65; Torres Peralta, *The Labor Management Relations Act and the Puerto Rico Labor Relations Act: A General Comparison*, pp. 2–15 (unpublished thesis); *No-Man's Land in Labor Relations—A Survey*, 43 Geo. L.J. 67.

Our language in *Asoc. Empl. Bayamón Transit* v. *Labor Rel. Board*, *supra*, at pp. 282–83 and 287, as to exclusive jurisdiction of the National Board, was not addressed to the effect of a declination of jurisdiction by the National Board—either in a specific case or by virtue of general standards—on the jurisdiction of our Board. It was therefore not meant to cover the latter situation. In any event, this question will presumably be answered by the Supreme Court of the United States in the *Guss* and *Garmon* cases.

In this jurisdiction we have an additional question: When Puerto Rico became a Commonwealth on July 25, 1952, did the National Board lose its plenary jurisdiction over activities in Puerto Rico which are purely local and have no impact on interstate commerce? We leave this ques-

hold otherwise would be to transfer to the Superior Court in this particular case a dispute both on the facts and the law which the Legislature has decreed shall in the first instance be determined exclusively by the Board. *National Labor Relations Board* v. *Northern Trust Co.*, 148 F. 2d 24 (C. A. 7, 1945), cert. denied, 326 U. S. 731; *D. G. Bland Lumber Co.* v. *National Labor Rel. Bd.*, 177 F. 2d 555 (C.A. 5, 1949); *Tobin* v. *Banks & Rumbaugh*, 201 F. 2d 223 (C.A. 5, 1953); *Endicott Johnson Corp.* v. *Perkins*, 317 U.S. 501; *Okla. Press Pub. Co.* v. *Walling*, 327 U. S. 186; see *Sierra, Commissioner* v. *Cuevas, supra.* In holding that the employer must press his contention as to jurisdiction before the Board rather than the Superior Court under the circumstances of this case, we are applying the general principle that an aggrieved party must exhaust his administrative remedy before he can gain access to the courts. *Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Macauley* v. *Waterman S. S. Corp.*, 327 U. S. 540; *People* v. *Soler*, 74 P.R. 420; *Com-*

---

tion open, pointing out only that when it arises in a representation or unfair labor practice case before our Board, it must be determined in the first instance by the Board and not by the Superior Court in a subpoena proceeding since as in the present case it involves substantial problems of fact and of law. On the merits of this question, compare the opposite views of our Board and the National Board: *Hilton Hotels International, Inc. d.b.a. Caribe Hilton Hotel, et al.,* Case No. P. 958, D-141; *Xavier Zequeira, supra.* And *cf. Consentino* v. *I.L.A.,* 126 F. Supp. 420 (Dist. Ct., of P. R., 1954); *Carrión* v. *González,* 125 F. Supp. 819 (Dist. C., P. R., 1954); *United States* v. *Mejías,* 131 F. Supp. 957 (Dist. Ct., P. R., 1955); Magruder, *The Commonwealth Status of Puerto Rico,* 15 U.Pitts.L.Rev. 1, 17–18; *United States* v. *Ríos,* 140 F. Supp. 376 (Dist. Ct., P. R., 1956); *Detrés* v. *Lionsi Building Corporation,* 136 F. Supp. 699 (Dist. Ct. Ill., 1955), reversed in 234 F. 2d 596 (C. A. 7, 1956), which in turn was made moot by Public Law 808 of the U. S. Congress, approved on July 26, 1956. Also see, generally, *People* v. *Figueroa,* 77 P.R.R. 175, affirmed in 232 F. 2d 615 (C. A. 1, 1956); *Granville-Smith* v. *Granville-Smith,* 349 U. S. 1, 6, referring to "pre-Commonwealth Puerto Rico"; and Rules 8, 42, 44, and 48 of the Revised Rules of the Supreme Court of the United States, found at 346 U.S. 954, 993–94, 995–97, 998–99, respectively, listing "Commonwealth" separate from "Territory".

*missioner of Labor* v. *South P. R. Sugar Co.*, 73 P.R.R. 151. 158.[5]

The order of the Superior Court will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.

---

[5] An order of the Board in a representation proceeding is not reviewable. *Unión de Trabajadores Agrícolas* v. *Junta de Relaciones del Trabajo*, Order of this Court, dated March 31, 1950; *A. F. of L.* v. *Labor Board*, 308 N. S. 401; *Island Empire Council* v. *Millis*, 325 U. S. 697. But that does not change the rule that the controlling facts and law in a proceeding before the Board must be determined in the first instance by it rather than by the Superior Court in an ancillary proceeding. If the representation proceeding culminates in a certificate designating a union as a collective bargaining representatives and thereafter the employer is charged with an unfair labor practice for refusing to bargain with the union, the employer may in the unfair labor proceeding—which is reviewable by us—contest the jurisdiction of the Board. *Rivera* v. *Labor Relations Board*, 70 P.R.R. 5.

In the same way, the fact that the employer is challenging the jurisdiction of the Board is immaterial on the question before us, unless as indicated above the case is clearly outside the power of the Board. *National Labor Relations Board* v. *Northern Trust Co.*, *supra*; *D. G. Bland Lumber Co.* v. *National Labor Rel. Bd.*, *supra*.